Kennedy et al., Appellants, v. Stauffer, etc.

Argued April 29, 1932.

Before TREXLER, P. J. KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Harvey A. Miller* and with him *John M. Russell* and *Samuel W. Miller* of *Miller and Nesbitt,* for appellant. The courts of California had no jurisdiction. Its decision therefore was no bar to a subsequent action in another state. Gordon's Appeal, 93 Pa. 361; Wood v. White, 97 Pa. 222 and Morgan's Appeal, 110 Pa. 271.

*Richard C. Long* and with him *L. M. Shoemaker* and *George L. Eynon* of *Shoemaker and Eynon,* for appellee. The decree of the sister state is *res judicata* and cannot be collaterally attacked. Metzger's Estate, 242 Pa. 69.

OPINION BY STADTFELD, J., October 10, 1932:

This is an appeal by complainants from a decree dismissing a bill in equity seeking to have defendant declared a trustee on their behalf as to a certain fund distributed to defendant under a decree of distribution by the Superior Court of California in the estate of Robert Vance Kennedy, deceased.

Robert Vance Kennedy died on the 13th day of March, 1927, testate, in the city and county of San Francisco, state of California, where his will was duly probated on the 7th day of April, 1927.

His last will and testament, inter alia, provides as follows: "Fourth. I give, bequeath and devise all the rest of and residue, wherever situate and whatsoever kind, to my niece, Mrs. J. Stauffer of 55 Belvidere Street, Crafton, Pennsylvania, who I kindly ask to distribute to my brothers and sisters (if alive) or to their heirs the pro rata amount that would be given to them leaving distribution of same to said niece's judgment."

He left surviving him a brother and sister and certain nephews and nieces, children of a deceased brother and deceased sisters, on whose behalf this bill was filed, and Mrs. J. Stauffer, the defendant, a niece, child

of a deceased brother. Testator's residuary estate consisted of $8,209.27 which was distributed and paid over to defendant under the decree of distribution of the Superior Court of California in and for the county of San Francisco on June 21, 1928.

Complainants in their bill of complaint claimed title to a share in said residuary estate under the will of testator and which defendant refused to distribute to them. A copy of the exemplification of the record of the Superior Court of California in the matter of the estate of Robert Vance Kennedy is attached to the bill.

The answer of defendant claims the fund in dispute was distributed and paid to her by the executors in her own right and as her own property under and by virtue of the decree of the Superior Court referred to. That under the will of said testator, under the laws of the State of California, the entire residuary estate vested absolutely in defendant. That the court of common pleas of Allegheny County is without jurisdiction, and that if plaintiffs have any interest in said residuary estate, said right must be adjudicated in the Superior Court of California, which defendant claims has sole and exclusive jurisdiction over the matters. That the said superior court had adjudicated and determined all the matters alleged in the bill of complaint, and its decree was unappealed from and in full force and effect and conclusive as to all of the plaintiffs in the bill.

The matter came on for hearing before McNAUGHER, J. The exemplification of the record in the Superior Court of California in and for the city and county of San Francisco was offered in evidence. It was admitted of record that said court was a court of record and had jurisdiction of the estate of said testator at the time of its decree.

The court found, inter alia, that the sum in controversy, comprising the residue of the estate of said

testator was paid to defendant under the decree of the Superior Court of California, which decree was in the following language: "It is hereby further ordered, adjudged and decreed that the sum of eighty-two hundred nine and twenty-seven hundredths ($8,209.27) dollars, together with the remaining personal property herein above described be and the same is hereby distributed to Mrs. J. Stauffer." That neither the exemplification of the record nor anything in the testimony indicates that any steps were taken by plaintiffs, or any of them, to set aside or modify said decree. That there was no complaint on part of plaintiffs that they did not have notice of the proceedings in California and that the exemplification of the record discloses that the California court knew at the time of its decree that there was at least one living brother of decedent.

The chancellor here found that the language used by the testator is not sufficient under the laws of the State of California to create a trust, and that his court has no jurisdiction. That the jurisdiction of the California court, unquestioned insofar as it affected the estate of decedent, included distribution of the residue thereof and that its decree is not subject to attack here, and directed a dismissal of the bill. From the decree dismissing the bill this appeal is taken.

The controlling question in this case is the one of jurisdiction. If the California court had exclusive jurisdiction of the subject matter in controversy, its decree cannot be attacked in a collateral proceeding in another state.

In William Hill Co. v. Lawler, 116 Calif. 359, the court said: "The distribution of any estate includes the determination of the persons who by law are entitled thereto, and also the proportions of parts to which each of these persons is entitled."

Section 1666 of the code of court procedure of the state of California says, inter alia: "Such order or

decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside or modified in appeal.''

That the Superior Court of California must have had under consideration, in the distribution of the estate, the question of whether or not a trust was intended to be created under the will of testator, and decided adversely thereto, is apparent from the fact that it recognized the assignment by defendant of ''a portion of her distributive share of the above entitled estate, to-wit, the sum of one thousand ($1,000) dollars'' to March H. Warner, and distributed that amount to said assignee.

The California court in construing the residuary clause in this will apparently followed the authorities in that state. In estate of Browne, 175 Calif. 361, the testator, after making a bequest to his son, added ''save and except that I desire that he pay out of said property to Miss Cara McGarvey the sum of $200 and to Miss Edith Johns the sum of $200.''

The Supreme Court of that state by MELVIN, J., said: ''Clearly the words above quoted are not sufficient to create a precatory trust in favor of the appellants. Whatever may be the rule elsewhere, 'it is the settled rule in California that precatory words are not to be regarded as creating a trust, unless it appears that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed': Est. of Purcell, 167 Calif. 176-179. ...... 'It is to be observed that testator's desire is expressed not to his executor but to one of the beneficiaries under his will. Under such circumstances it may only be regarded as a mere request, and not as partaking of the nature of a command': Est. of Marti, 132 Calif. 666; Est. of Pfarr, 144 Calif. 121.''

In Mulchaey v. Doro, 131 Calif. 73, the court said:

"A proceeding to secure a decree of distribution is essentially of the nature of one in rem."

In William Hill Co. v. Lawler, supra, the court said: "By giving notice directed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appear and present his claim, or fail to appear, the action of the court is equally conclusive upon him."

The California court having exclusive jurisdiction of the matter in controversy, its decree cannot be attacked in a collateral proceeding in another state. An error, if any, in such decree can be corrected only by that court or on appeal therefrom.

In Metzger's Estate, 242 Pa. 69, at page 79, Mr. Justice STEWART says: "It is the settled law of this state that in the absence of fraud or collusion a judgment or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court. It is conclusive not only as to the judgment or decree itself but as to every fact directly or necessarily adjudicated or which was necessarily involved in or was material to the adjudication."

The law of the State of California is the same. Section 1666 of the code of civil procedure, supra: Mooney v. Superior Court, 183 Calif. 703; Rockey v. Vieux, 179 Calif. 681.

Quoting from the opinion of the chancellor, Mc-Naugher, J., in the instant case: "Plaintiffs (appellants) urge that the language of the fourth paragraph of the will constitutes a declaration of trust in their favor. If the will were to be construed by the laws of this state, it would not be a foregone conclusion that

the words used create a trust: Bowlby v. Thunder, 105 Pa. 173, 179. But it must be construed by the laws of the State of California, where the testator was domiciled and living at the time of his death and where the will was probated. By the laws of California testator's language would not create a trust: In Estate of Browne, 165 Pacific 960; Estate of Purcell, 167 California 176, 179; Estate of Marti, 132 California 666; Estate of Pfarr, 144 Calif. 121.

"In making its decree the California court had before it the language of the will and is presumed to have construed it when it awarded the fund in question to defendant individually and without any suggestion of or reference to a trust. In Wills v. Wills, 166 Calif. 529, at page 532, the Supreme Court of California says: 'In all other cases the decree speaks for itself alone, without the aid of evidence upon which it was based, and the will itself is only such evidence. "The decree supersedes the will and prevails over any provision therein which may be thought inconsistent with the decree." (Good v. Montgomery, 119 Calif. 552.) "Where a trust has been created by will the validity of the trust is necessarily involved in the question of distribution, for if valid, the bequest fails (Estate of Walkerly, 108 Calif. 660). Hence as necessary to distribution, it is within the province of the probate court to define the rights of all who have legally or equitably any interest in the property of the estate derived from the will." (Moore v. Moore, 133 Calif. 494.) "The decree is necessarily a judicial construction of the will and the several interests of the distributees, and cannot be assailed collaterally. There is no doubt or uncertainty in the decree as to plaintiff's title and to that alone we are permitted to look." (Williams v. Marx, 124 Calif. 22.)'

"If, however, the California court did not consider the question of a trust or meant by awarding the fund to defendant to award it as a trust, in either event

plaintiffs could not succeed here because they are asking us either to construe the language of a will which should have been construed by the court of a sister state or to interpret the language of the decree of that court. Either proposition would, in our opinion, involve the ousting of the jurisdiction of the court of another state, where that court had exclusive jurisdiction. It is clear that this cannot be done. Article 4, section 1, Constitution of the United States; Act of 1790, 1, U. S. Statutes at Large, 122; Mills v. Duryee, 7 Cranch. 481; Bigelow v. Old Dominion Copper Mining Company, 225 U. S. 111; Hanley v. Donoghue, 116 U. S. 1; Thompson v. Whitman, 18 Wall. 457. Any order of this court declaring defendant a trustee would be denying full faith and credit to the decree of the California court. If the decree is ambiguous, any interpretation thereof belongs exclusively to the court which entered it.''

We cannot profitably add anything to the language quoted.

The decree of the court below is affirmed at the cost of appellants.