CLARA L. ROYALTY, individually, and CLARA L. ROYALTY, as executrix of the Last Will and Testament of Charles Homer Royalty, deceased, *et al.,* v. THE FLORIDA NATIONAL BANK of Jacksonville, a corporation, etc.

173 So. 689.

Opinion Filed April 6, 1937.

*Lee Guest,* for Appellants;

*Rogers & Towers,* for Appellee.

WHITFIELD, P. J.—The Florida National Bank brought a bill of complaint against Clara L. Royalty, individually, and Clara L. Royalty, as Executrix of the last will and testament of Charles Homer Royalty (the said Clara L. Royalty having formerly been a resident of Jacksonville, Duval County, Florida, and now a resident of Chattanooga, Hamilton County, Tennessee), and the Union Central Life Insurance Company, a corporation doing business in the State of Florida, with an office for the transaction of its business in the city of Jacksonville, Duval County, Florida, its home office being in the City of Cincinnati, Hamilton County, Ohio.

It is in effect alleged that on March 2, 1934, Charles Homer Royalty departed this life leaving Clara L. Royalty as his widow who was appointed and still is Executrix of the decedent's last will and testament; that on October 30, 1925, Charles Homer Royalty became and was indebted to the plaintiff Bank in the sum of $8,150.00, with interest thereon, which indebtedness is wholly due and unpaid, as shown by a copy of the proof of claim of the plaintiff Bank duly filed with the County Judge of Duval County, Florida, on May 23, 1934, within the time prescribed by law for filing claims against the estate of the decedent, Charles Homer Royalty, and no objection or exception thereto has been made by any one; that on July 1, 1918, the said Charles Homer Royalty, using the name C. H. Royalty, entered into an agreement with the defendant, The Union Central Life Insurance Company, "wherein and whereby the said The Union Central Life Insurance Company," upon the terms and conditions in said agreement set forth, appointed the said Charles Homer Royalty its manager, as specified in said agreement, within the State of Florida, * * * that in the procurement of said loans and in procuring extensions thereof from time to time , * * * the said Charles Homer Royalty, with the knowledge, acquiescence and consent of the said defendant, Clara L. Royalty, represented to plaintiff that said agreement and the avails thereof from time to time accruing and to accrue were part and parcel of his estate to which plaintiff might look and have recourse for the payment of its said loans and every part thereof * * * that at all times from the making of said agreement, * * * to the time of his death, the said Charles Homer Royalty, with the knowledge, acquiescence and consent of the defendant, Clara L. Royalty, remained in the sole possession of said agreement and performed the duties therein pre-

scribed * * *; that the decedent by his will dated October 19, 1920, attempted to bequeath to the defendant, Clara L. Royalty, the interests under the said agreement; that the defendant, Clara L. Royalty, filed her inventory as executrix of the estate of the decedent and the said agreement was not referred to in the inventory, and now asserts that she is the owner of all the rights, title and interest of her decedent in, to and under the said agreement by virtue of an assignment to her; that said agreement imposed upon Charles Homer Royalty relations implying special confidence and trust in his character and ability and was not assignable and no attempt was made by Clara L. Royalty to make any claim or to assert any right under said assignment or agreement until by petition the plaintiff sought to require her to include in the inventory of said estate the agreement and the avails thereof; and then for the first time plaintiff was informed that the defendant, Clara L. Royalty, claimed an interest in said agreement; that the accruals under said agreement were, prior to the death of Charles Homer Royalty, paid to or upon the order of said Charles Homer Royalty and for his account, and not to Clara L. Royalty; that the alleged assignment of said agreement was not made in good faith and without consideration; that the estate of Charles Homer Royalty is insolvent and that said Clara L. Royalty in addition to claiming under said alleged assignment claims a dower interest in said estate and a family allowance out of the same. There are many other allegations that need not be stated at this time.

The prayer of the bill of complaint contains the following:

"(a) That the said alleged assignment is as to this plaintiff and all creditors of the estate of the said Charles Homer Royalty, fraudulent, null and void, and that the

same be set aside and cancelled, and that said defendants and each of them are estopped to assert, claim or maintain any right under said assignment, or that the said agreement or the accruals or avails thereof are not the property of the said estate of Charles Homer Royalty.

"(b)   That the said defendants and each of them forthwith do surrender and deliver up to the estate of the said Charles Homer Royalty, the said agreement and all sums due or to become due thereunder since the death of the said Charles Homer Royalty and that in default of the payment of any part of said avails or accruals under said agreement, that a money judgment and decree be entered against said defendant so failing or refusing to surrender or deliver up any part of said accruals or avails that has come into its or her hands, custody, possession or control since the death of the said Charles Homer Royalty.

"(c)   And that plaintiff do have execution and any and all other writs and process of this Court for the enforcement of said decree or any part thereof.

"(d)   That this plaintiff be allowed, out of said fund, its costs, expenses and attorney's fees herein incurred."

An affidavit for constructive order of service of notice of the suit was as follows:

"STATE OF FLORIDA,
     "COUNTY OF DUVAL, ss:

"George M. Powell, being first duly sworn, deposes and says:   that he is the attorney for the complainant in the above entitled cause, and that it is the belief of the affiant that the defendant, Clara L. Royalty, is a resident of a state or county other than this State (the State of Florida), and that she, the said Clara L. Royalty, resides at number 526 Vine Street, in the City of Chattanooga, Hamilton

County, State of Tennessee, and that there is no person in the State (the State of Florida) the service of a subpoena upon whom would bind such defendant, and it is further the belief of the affiant that the said defendant, Clara L. Royalty, is over the age of twenty-one (21) years."

"ORDER OF SERVICE
"NOTICE TO APPEAR.

"To: Clara L. Royalty, 526 Vine Street, Chattanooga, Hamilton County, State of Tennessee;

"It is hereby ordered that you are required to appear on the 2nd day of December, A .D. 1935, before the above entitled court, to the bill of complaint filed against you in the above entitled cause; and "THE FINANCIAL NEWS" is hereby designated as the paper in which this order shall be published once a week for four consecutive weeks.

"WITNESS my hand and the seal of this Court, at Jacksonville, Florida, this 21st day of October, A. D. 1935."

There was proof of constructive service by publication of notice of the pending of the suit under the statute on Clara L. Royalty individually and also a sheriff's return of service of notice or summons upon Clara L. Royalty, executrix of the last will and testament of Charles Homer Royalty, deceased, by service of the notice or summons upon her designated resident agent under the statute. The court denied motions made upon special appearances to quash the service by publication upon Clara L. Royalty, individually, and to quash the service made upon the resident agent of the executrix and the defendant entered the following special appeal:

"NOTICE AND ENTRY OF SPECIAL APPEAL

"Comes now the defendant, Clara L. Royalty, Individually, and Clara L. Royalty as Executrix of the Last Will

and Testament of Charles Homer Royalty, late of Duval County, Florida, deceased, by and through her solicitor, Lee Guest, and in the name of Clara. L. Royalty, individually, and Clara L. Royalty as Executrix of the Last Will and Testament of Charles Homer Royalty, late of Duval County, Florida, deceased, and in the name of defendant, The Union Central Life Insurance Company, a corporation doing business in the State of Florida, take and enter and give notice of the entry of this special appeal from the interlocutory order and decree made and entered herein on the 17th day of February, A. D. 1936, by the Honorable DeWitt T. Gray, Judge of the Circuit Court of the Fourth Judicial Circuit of the State of Florida in and for Duval County, in Chancery sitting, in that certain cause therein pending being No. 35254-E wherein The Florida National Bank of Jacksonville, a Banking Corporation organized and existing under and by virtue of the banking laws of the United States of America having its banking house in the City of Jacksonville, Duval County, Florida, is plaintiff, and the said Clara L. Royalty, Individually and as Executrix of the Last Will and Testament of Charles Homer Royalty, late of Duval County, Florida, deceased, and said The Union Central Life Insurance Company, a corporation doing business in the State of Florida, are defendants, in and by which the said Circuit Judge did deny the motion to quash of said Clara L. Royalty, individually, filed herein December 2, 1935, and did deny the motion to quash of said Clara L. Royalty as executrix of the Last Will and Testament of Charles Homer Royalty, late of Duval County, Florida, deceased, filed herein November 4, 1935.

"This special appeal is entered on the 26th day of February, A. D. 1936, and the same is hereby made returnable to the Supreme Court of Florida, at Tallahassee, Florida, on

the 8th day of May, A. D. 1936, the same being more than thirty days and not more than ninety days from the date of entering this special appeal.

"The defendants above named as appellants and the plaintiff as appellee are hereby directed to take notice of this special appeal taken on behalf of said Clara L. Royalty, Individually, for no other purpose than to have this Court determine the jurisdictional matter raised in her said motion to quash individually, and for no other purpose than to have this Court determine the jurisdictional matter raised in her motion to quash as executrix."

The constructive service of summons or notice of suit upon Clara L. Royalty as executrix, by service upon her designated resident agent, binds her in her representative capacity and also binds her personally as to matters which have accrued in the administration of the estate. Sec. 83, The Probate Act; Chap. 16103, Laws of Florida, approved May 24, 1933; Sec. 5541 (25) 1936 Perm. Supp. C. G. L.

The constructive service of notice of suit upon Clara L. Royalty, individually, by publication under the provisions of the statute, binds her as to her rights in property that is within the jurisdiction of the court issuing the notice or process; but no merely personal judgment or decree may legally be rendered against her, predicated upon constructive service by publication. See 50 J. C. 503; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

The constructive service of notice of suit upon Clara L. Royalty by publication and by service of notice or summons upon her resident agent were legally sufficient to allow the court to proceed in the cause by due process of law, and to adjudicate matters within the limitations of the liability of the defendant, Clara L. Royalty, imposed by law because of the nature of the service of notice or process in the suit;

therefore the motions to quash the service of process by publication and by service of summons on defendant's resident agent, were properly denied.

It may be determined by the court in due course of proper procedure whether the agreement alleged to have been ineffectually assigned to the defendant, Clara L. Royalty, or its avails or both are within the jurisdiction of the court, the administration of the estate of Charles Homer Royalty being within the court's jurisdiction.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.