WAKEMAN GRIFFIN GRIBBEL, et al., individually, v. T. N. HENDERSON JR., et al.

WAKEMAN GRIFFIN GRIBBEL, et al., as director-trustees of John Gribbel, Incorporated, a dissolved Florida corporation, v. T. N. HENDERSON, JR.

JOHN GRIBBEL, INCORPORATED, a dissolved corporation under the laws of the State of Florida, v. T. N. HENDERSON, JR., et al.

10 So. (2nd) 734                    En Banc
November 10, 1942     Rehearing Denied December 11, 1942

714

716

Carl T. Hoffman, L. L. Robinson, Sam C. Matthews and J. Lewis Hall, for petitioner.

Mabry, Reaves, Carlton & White and Tillman & Henderson, for respondents.

WHITFIELD, J.:

There are three petitions for interlocutory certiorari under Rules 27, 28, and 34 to review orders of the Circuit Court in equity denying motions to quash the service of process by publication and service made upon a resident agent of nonresident ancillary executors under the statutes. The suit *quasi in rem* is brought by holders of preferred stock of the Tampa Gas Company, a Florida public utility corporation, to obtain an accounting to the Tampa Gas Company from the nonresident executor-trustees of the estate of John Gribbel, deceased, such estate having stated real and personal property which is within the jurisdiction of the court and controlled by the defendant nonresident executor-trustees.

As to the right to maintain a suit of this nature, see 18 C.J.S. p. 1205 et seq.; 13 Fletcher; Cyc. Corp., Sec. 5832 et seq.; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 373; Reybine v. Kruse, 128 Fla. 278, 174 So. 720; 50 C.J. 505; Reed v. Reed, 64 A.L.R. 1384, text p. 1390; 42 Am. Jur. p. 62; 31 Am. Jur. p. 98, Sec. 444; Geary v. Geary, 108 A.L.R. 1293; So. Pacific Co. v. Bogert, 250 U.S. 483, 39 Sup. Ct. 533, 63 L. Ed. 1099; 13 Am. Jur. 475 et seq.; Mills Dev. Corp. v. Shipp & Head, Inc., 126 Fla. 490, 171 So. 533; Mills v. Shipp & Head, Inc., 126 Fla. 495, 171

So. 535; Taylor v. Standard Gas Co., 306 U.S. 307, 59 Sup. Ct. 543, 83 L. Ed. 669; Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674; News-Journal Corp. v. Gore, 147 Fla. 217, 2 So. (2nd) 741.

John Gribbel was a resident of Pennsylvania. He died testate in 1936, a widower. His estate includes real and personal property in Hillsborough county, Florida, where this suit was brought. There are five executor-trustees of his estate. Four are nonresidents of Florida; one is a corporation under the laws of Pennsylvania.

Four of the defendants in this suit are the children and heirs of John Gribbel, deceased. They are residents of Pennsylvania and are executors of the will of John Gribbel, deceased, and trustees of his estate and also director-trustees of "John Gribbel, Incorporated," a dissolved Florida corporation, made a defendant. Such four persons are also ancillary executors of John Gribbel's estate in Florida and have a duly appointed resident agent in Hillsborough County, Florida on whom service of process against the four may be served under the statutes of Florida. Service of process in this suit was made in Hillsborough County, Florida, on the resident statutory agent for the four nonresident ancillary executors, which service is binding on such executors under Section 83 of the Probate Act of 1933. Service of process in this suit on the same four individual nonresidents as director-trustees of "John Gribbel, Incorporated," a dissolved Florida corporation, was made by publication under Section 4 of Chapter 20452, Acts of 1941. Thomas A. Bracken, Jr., is a resident of Pennsylvania, and Trust Officer of the Real Estate Trust Company of Philadelphia, a Pennsylvania corporation, which Real Estate

Trust Company is one of the executor-trustees of the estate of John Gribbel, deceased. Thomas A. Bracken, Jr., is also the fifth director-trustee of the dissolved Florida corporation. Service on him as such director-trustee was made by publication, under Section 4 of Chapter 20452. Service of process was also made on the dissolved Florida corporation by publication under Section 5 of Chapter 20452. Whether service on the dissolved Florida corporation by name is necessary when service is duly made on the nonresident director-trustees of such dissolved Florida corporation, need not be determined here. The statutes necessarily contemplate that service of process may be upon the director-trustees of a dissolved Florida corporation if there are any when the affairs of the dissolved corporation are to be litigated.

The names and addresses of the five nonresident director-trustees of "John Gribbel, Incorporated," a dissolved Florida corporation, appear in the sworn statement for service of process by publication.

The bill of complaint as amended alleges "that this is a suit for an accounting to be made by the Estate of John Gribbel to the Tampa Gas Company for the recovery of moneys by the Tampa Gas Company against the estate of John Gribbel"; and in effect alleges that plaintiffs are minority holders of preferred stock of the Tampa Gas Company, a Florida corporation, a public utility company rendering service in Tampa, Florida; that prior to his death, John Gribbel, a citizen of Pennsylvania, was president of, and controlling owner of the stock of, the Tampa Gas Company; that stated invalid transactions of the corporation through its officers and directors resulted in great gain to John Gribbel in his lifetime, and corresponding

loss and injury to the Tampa Gas Company and to plaintiffs and others; that upon the death of John Gribbel in 1936, his will, which was probated in Pennsylvania, bequeathed his stock and interests in said Tampa Gas Company and other property in trust for stated purposes to the named five executor-trustees under the will, four of them being his adult children and heirs at law, all citizens of Pennsylvania, and The Real Trust Company of Philadelphia, the fifth executor-trustee, being a corporation of Pennsylvania; that the four individual nonresident executor-trustees have qualified in Hillsborough County, Florida, under the statute as ancillary executors of the estate of John Gribbel, deceased, and they then as required by the statute duly appointed an adult citizen at Tampa, in Hillsborough County, Florida, as their resident agent on whom service of process could be made under the statute; that the executor-trustees are so conducting the affairs of the Tampa Gas Company that it would be futile to try to get redress through the defendant Tampa Gas Company, a Florida corporation or the defendants who are its controlling nonresident stockholders, directors or officers;

"that said The Real Estate Trust Company of Philadelphia has and exercises only such powers as have been conferred upon it by the said John Gribbel, or his personal representatives since his death, and that said stock is held to use and vote solely for the benefit of said estate, and according to the will and wish of those controlling said estate. . . .

" '(c) That a full and complete accounting be required of the heirs and personal representatives of the estate of the said John Gribbel both of the acts and transactions of John Gribbel, deceased, as an officer

of the Tampa Gas Company, and of the acts, conduct and doings of his personal representatives controlling said company since his death, and that an accounting be had not only of the specific transactions mentioned and complained of in the bill as originally filed but of the additional transactions mentioned and complained of in this amendment and of such transactions as may be discovered and revealed hereafter.

" '(e) That, upon final hearing in this cause, the plaintiffs pray for the same relief as against Idella Gribbel McCurdy, Elizabeth Gribbel Corkran, Wakeman Griffin Gribbel, John Bancker Gribbel, and Thomas A. Bracken, Jr., as Trustees of John Gribbel, Incorporated, that is heretofore prayed against the estate of John Gribbel.' . . .

". . . that said executors and trustees are residents of the State of Pennsylvania and have resided in said State at all times since the death of John Gribbel, except that one of them spent a great deal of time in Europe up to the time of the present World War, but that plaintiffs are advised that he did not change his place of permanent abode; that said executors and trustees have at all times not only controlled the corporation through their common stock ownership, but have placed and retained themselves, or their husbands on the Board of Directors so as at all times to constitute a large majority or the entire membership of said Board, and have thus retained the direct and immediate control of said company . . ."

Relief against the estate of John Gribbel, deceased, is definitely prayed for in the bill of complaint as originally filed and in amendments thereto.

The above recitals may be sufficient to show the bill of complaint is a proper basis for the issue and

service of process by publication or otherwise as may be authorized by law upon the defendants, there being res within the jurisdiction of the court. Other matters are for future consideration.

Nonresident defendants filed special appearances and motions to quash the service by publication on the dissolved corporation and on the nonresident director-trustees and individually on four executor-trustees of the estate of John Gribbel, deceased, by service on their resident agent. The court denied the motions to quash and interlocutory certiorari was applied for.

This suit is *quasi in rem.*

". . . the term 'in rem' is applied to actions between parties where the direct object is to reach and dispose of property owned by them, or of some interest therein. In the class of actions known as quasi proceedings in rem, the judgment deals with the status, ownership, or liability of particular property, and operates only as between the particular parties to the proceedings. Proceedings of this character, lying between the extremes of strictly in rem proceedings and those that are strictly in personam, are so characterized because judgments in them affect not only the title to the res, but likewise, rights in and to it possessed by individuals. The essential elements of an action quasi in rem are a res located within the territorial limits of the state in such a way that the state can, if it sees fit to do so, exercise absolute power to control and dispose of it, and a course of judicial procedure, the object and result of which are to subject the res to the power of the state directly by the judgment or decree which is entered, and which is, on its face, directed specifically toward the res so as to disclose this res

to the defendant when reasonably notified of the action." 1 Am. Jur. 437, Sec. 46.

"The objects to be accomplished by process are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has, and that in default of his so doing, judgment against him will be applied for or taken in a designated sum, or for relief specified." Headnote 8, Arcadia Citrus Growers Assn. v. Hollingsworth, 135 Fla. 322, 184 So. 431.

"If there is a total want of evidence of any fact, the existence of which is by statute made essential to authorize service of process by publication, there is nothing on which the court is authorized to act, and it acquires no jurisdiction to make the order. But in order to authorize an order of publication, it is not essential that the evidence presented by the affidavit should conclusively establish the right to the order. Evidence, even though slight and inconclusive, if sufficient to call for judicial judgment, will be sufficient to confer jurisdiction upon the court granting the application. In order to defeat the jurisdiction there must be a total want of evidence on some essential point." 50 C.J. 514, Sec. 143.

Jurisdiction of the court over property within its authority is acquired by the due filing of the bill of complaint with exhibits having reference to property that may be subjected to the processes of the court. See 50 C.J. p. 507; Reed v. Reed, 64 A.L.R. 1384, text 1390; Thebaut v. Canova, 11 Fla. 143, text 165; Baugher v. Cohen, 98 Fla. 1081, 124 So. 813; 19 Am. Jur. p. 169, Sec. 200; Geary v. Geary, 108 A.L.R. 1293.

On petition of the four director-trustees, individually, counsels' brief states that "the sole and only question to be determined upon petitioners' application for writ of certiorari is whether the service of summons in chancery upon the resident agent of petitioners, as executors of the estate of John Gribbel, deceased, bound petitioners, individually, when the facts alleged in the bill of complaint did not accrue, as against petitioners, individually, in the administration of the estate of John Gribbel, deceased."

Such contention is predicated upon a proviso in the latter part of Section 83 of the Probate Act of 1933. That section, quoted in the statement, authorizes duly appointed nonresident executors to designate a resident agent on whom service of process against the nonresident executors may be served, and enacts that "the aforesaid designations, in whatever form it may be, shall be taken to constitute the consent of the person so designating that service of any process upon the designated agent or attorney shall be sufficient to bind the person so designating in any suit or action against such personal representative, either in his representative capacity or personally, provided only that such personal action must have accrued in the administration of the estate."

The proviso in the above quotation applies only in a "personal action" that is, "in any suit or action against such personal representative . . . personally"; and does not apply when the action or suit brought against such "personal representatives" is *only* in their "representative capacity," and the suit is for appropriate decrees to be satisfied only from the estate of the decedent and not from property belonging to

any of the executor-trustees in their personal or individual capacity.

The bill of complaint specifically alleges that: "this is a suit for an accounting to be made by the Estate of John Gribbel to the Tampa Gas Company for the recovery of moneys by the Tampa Gas Company against the Estate of John Gribbel."

The use of the words "individually and as executors of the estate of John Gribbel, deceased," in the caption, in the body and the prayer of the bill of complaint and the amendments thereto, and in the process or notices as issued and served, when considered with the entire record, are manifestly not intended to, and do not in fact or in law lay a foundation for a personal suit against any of the defendants or for personal decrees against any of the defendants, except and only against them with reference to their relation to the estate of John Gribbel, deceased, and except and only for appropriate proceedings and decrees for duly alleged and proven claims by the plaintiffs against the estate of John Gribbel, deceased, to be satisfied only from the estate of the decedent and not from property of the personal representatives whose names identify them with their representative and fiduciary duties and obligations, and through whom the law reaches the estate of the decedent.

Enforcement of fiduciary and representative duties and obligations may in proper cases under appropriate circumstances be by injunction or other authorized remedy against individuals or corporations with reference to their representative or fiduciary capacity, functions and duties; but personal decrees or judgments are not rendered against them upon service of process by publication to satisfy out of their own in-

dividual property any claims against the estate they represent, which claims against the estate the representatives are not personally liable for, but are to be paid or satisfied from property of the decedent's estate, through representatives of the estate having control of the property of the estate within the jurisdiction of the court; and such property through the authorized representatives of the estate is subject to a *quasi in rem* suit brought against the representatives of the estate, with notice to them as required by the controlling laws of the State, within the applicable limitations of the State and Federal constitutions. Service on the resident agent of the four nonresident ancillary executors of the estate of John Gribbel, deceased, is binding on them within the scope and limitations of the suit as maintained. Such executors are also trustees of the estate. There are real and personal property interests belonging to the decedent's estate that are within the jurisdiction of the court and subject to its process and decrees. This is not inconsistent with the decision in Royalty v. The Florida National Bonk, 127 Fla. 618, 173 So. 689.

Chapter 20452, Acts of 1941, enacts that: "Where personal service of process cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, . . ."

There are provisions for sworn statements to be made of matters that may be pertinent where the names, ages, addresses, etc., of defendants are not definitely known and given by sworn statements. This is a condition precedent to service by publication. Appropriate sworn statements of essential matters must be included in the record in all cases before service of process by publication is allowed, when personal

service of process cannot be had. As the listed statutory matters are intended to meet varying circumstances in different cases, the sworn statements need not include particular matters enumerated in the statute unless they are essential or appropriate to the particular case.

In this case the names and addresses of five nonresident defendant persons are known and are sufficiently shown by the record. Adult ages of four of such defendants are also definitely given, and the adult age of the fifth is clearly inferable from the record if the ages are essential in this cause. This being a substantial compliance with the intent of the statute, some of the matters averred to be fatally omitted are not essential and therefore the omissions are not material.

As to the statutory requirements in sworn statements for service of process or notice by publication when the defendants are unknown, see Ortell v. Ortell, 91 Fla. 50, 107 So. 442; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820; Balian v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559.

Jurisdiction of the property of the estate of John Gribbel, deceased, located in this State is obtained in this suit *quasi in rem* by the filing of the bill of complaint which with exhibits refers to property which is subject to orders and decrees in the cause. Process on the nonresident parties may be served by publication under the statutory provision for such service or upon a statutory resident agent in lieu of service on the ancillary nonresident executors under Section 83 of the Probate Act of 1933. See Royalty v. Fla. Nat. Bank, 127 Fla. 618, 173 So. 689. See also 42 Am. Jur.

Process, pages 42 et seq., Section 50, et seq., 50 C.J. pp 494, et seq.

Section 3 of Chapter 20452, Acts of 1941, effective October 1, 1941, later enacted as 48.03 Florida Statutes, 1941, provides that the sworn statement relative to specified matters required to be filed in a cause, as a condition precedent to service of process by publication, "may be contained in the initial or other pleading, if sworn to, or in any affidavit or other sworn statement" in the cause. In this case some of the matters that are averred to be omitted from "the sworn statement for process" are contained in the sworn bill of complaint or in exhibits thereto made a part of the bill that is duly sworn to. Other matters averred to be omitted from the "sworn statement for process," such as diligent search to discover facts that are known, etc., are rendered immaterial by the direct positive statements in the sworn bill of complaint of such known matters as are material in this case to authorize the publication of process in substantial compliance with the statutes. The names, ages and addresses of the four nonresident executor-trustees, who are also director-trustees, are specifically given under oath in the bill of complaint and its amendments and exhibits and the statements made a part of the sworn pleadings. The name and address of the fifth director-trustee of the dissolved Florida corporation defendant is also stated under oath, and the adult age of such fifth nonresident director-trustee may be inferred from the record.

While the general rule is that statutes authorizing service of judicial process by publication are to be construed with reasonable strictness, a *substantial compliance* with the essential requirements of the

statutes is all that may be necessary to accomplish the purpose of the statutes in cases of this nature. Such purpose is to give reasonably sufficient notice of the suit or action that is fair to the defendants and satisfies the due process of law commands of the State and Federal Constitutions. Reasonable opportunity to be heard must also be afforded in due course of procedure.

The last paragraph of Section 1 of Chapter 20452 authorized due service of process by publication "in any other suit or proceeding, not hereinabove expressly mentioned, wherein personal service of process or notice is not required by the statutes or Constitution of this State or by the Constitution of the United States." See also Sec. 2, Ch. 20452.

Such provisions are sufficiently definite and comprehensive to include authority for service of process by publication on the persons who are director-trustee defendants, and on corporations in this class of cases. See Sec. 1, Chap 19064, Acts of 1939.

An amendment to the bill of complaint alleges: "that John Gribbel, Incorporated, was a corporation organized and existing under the laws of the State of Florida at the time of the matters and things hereinbefore alleged in this bill of complaint, and particularly as is shown in paragraphs VII, VIII, IX, X, and XII of said bill of complaint, and that the said corporation remained in existence until December 6, 1939, at which time it was dissolved under the laws of the State of Florida, and that Idella Gribbel McCurdy, Elizabeth Gribbel Corkran, Wakeman Griffith Gribbel, John Bancker Gribbel, and Thomas A. Bracken, Jr., being the directors of the corporation at the time it was dissolved, are now the Trustees in charge of the

affairs of said corporation and, as such, can be sued, and are made parties to this suit as Trustees of John Gribbel, Incorporated."

Such allegations taken with the entire sworn bill of complaint with exhibits and the sworn statement for process by publication are legally sufficient to authorize the service of process as made by publication under Sections 4 and 5, Chapter 20452, Acts of 1941. When names and addresses are *known* and *duly stated,* matters that are stated to be omitted from the sworn statements for service of process by publication, such as diligence to discover names and addresses of absent or unknown officials of the dissolved corporation, etc., are unnecessary and therefore not essential in this case to the issue and service of process by publication as authorized by the statute. Names and addresses of the nonresident director-trustees of the dissolved Florida corporation are stated under oath and it is also stated under oath that there is no one in the State on whom service of process may be made that would be binding on the dissolved corporation.

The defendants named and served with process issued in the cause, having appeared specially, are not without information as to the pending suit, or misled or in any way injured by the omission of immaterial matters from the sworn statement for publication of process in the cause. The statute does not require matters to be included in the sworn statements for publication of process when such matters are not essential *to show* a right to service by publication, or when essential matters are otherwise sufficiently shown by sworn parts of the record in the cause. This is not unfair to the defendants, and satisfies due process of law. But in each case it must appear that *no essential*

*requirement* of the statute is wholly omitted from the sworn parts of the record considered as an entirety. The legal sufficiency of the service in every case should be determined on its facts and circumstances, and the controlling applicable law.

All the matters stated in the statute as requisites to be included in the record as a predicate for the issue and service by publication of judicial process may not be essential or applicable or useful *in all* cases of the same general nature or of any given class. The statute contemplates that all the matters stated therein that are legally essential in a particular class of cases to give valid notice and afford due process shall be included in the sworn statement or in a sworn part of the record; but any of such statutory matters that are *not* essential in a particular case to legal notice to afford due process of law need not be included in the sworn statements contained in the record in that case. What are the essential matters is to be determined as a question of law, making it imperative that care be taken in omitting or including any of the enumerated statutory matters in the sworn portions of the record, when application is to be made for service by publication of judicial process in particular cases.

Unless matters contained in the sworn statements make some portions of the statutory matters inapplicable or plainly immaterial in a particular case, the better practice is to include in the sworn statements in the record all the statutory matters that are applicable and required in that class of cases, even if it may cause some duplications of statements or some apparent but immaterial conflicts of statements. It is safer to include too many of the applicable statutory requirements than to omit doubtful ones *unless they*

*would cause repugnancy* in material statements. The service of process by publication in this case is sufficient under the statutes of this State and affords due process of law.

The nature and contents of the orders and decrees to be rendered are not for present consideration here. See Royalty v. Fla. Nat. Bank, 127 Fla. 618, 173 So. 689.

Where, as in this case, the trial court has jurisdiction over a justiciable subject matter which is under the control of defendant nonresidents and the statutes authorize substituted or constructive service of process in the suit, which process as issued and served affords due process of law to defendants, the court may proceed in the cause, the property duly involved and within the jurisdiction of the court being subject to appropriate orders and decrees in the cause pending final adjudication. Error is not shown.

The petitions for certiorari and for a constitutional writ are severally denied.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.

THOMAS, J., dissenting:

I cannot concur in the opinion of a majority of the court because I have the view that the affidavit, the basis of process, which was attacked by special appearance and motion to quash, was fatally defective.

### PETITION FOR REHEARING

PER CURIAM:

The opinion and order herein denying a writ of certiorari assumed that the motion to quash the return of substituted service of process upon the duly desig-

nated resident agent of the nonresident executor-trustee defendants under the statute, was denied by the trial judge upon the theory that such substituted service was authorized by the statute and was legal and valid service upon the defendant executor-trustees, in their capacity as such executor-trustees, even if such service be unauthorized as service of process on the defendants in their *individual capacity,* no individual liability being alleged. See Sec. 732.47 Florida Statutes 1941; 42 Am. Jur. p. 41, et seq., Secs. 50, et seq. In the absence of allegations of individual liability, the trial court may eliminate from the record the return of service of process in so far as it relates to service of process upon the nonresident executor-trustee defendants in their *individual capacity.*

Rehearing denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.