## Nichols Estate

248

*David Roth*, for petitioner.

*John G. Frazer*, for respondent.

BOYLE, P. J., January 12, 1961.—Lucille L. Nichols elected to take against the will of her husband and, pursuant to Florida law, presented a "Petition of Widow for Assignment of Dower" to the County Judges' Court of Dade County, Florida. Thereupon, after notice by United States mail to the two children of decedent in Michigan, the Florida court entered a decree on October 2, 1956, assigning and transferring to the widow, inter alia, one-third interest in 155 shares, now increased to 210 shares, of common stock of the H. H. Robertson Company, a Pennsylvania corporation having its principal office in Allegheny County. At the time of the death of decedent, during said dower proceedings and on October 2, 1956, the certificates for the said 155 shares of stock were in the possession of Mer-

rill, Lynch, Pierce, Fenner and Beane, brokers, at their principal office in the City of New York. The stock certificates for said 155 shares have never been in Florida since the death of decedent. Under the Florida decree the widow's dower is not subject to the claims of creditors of the estate. See 21 Fla. Stat. Ann. §731.34.

The assets of decedent's estate which the ancillary administrator alleges have their situs in Allegheny County, are the 155 shares, now 210 shares, of the H. H. Robertson Company, a Pennsylvania corporation.

It is conceded that the certificates for the said 155 shares of H. H. Robertson Company were in that corporation's principal office in Allegheny County, for transfer of one third thereof to Lucille L. Nichols in accordance with the Florida decree of dower on October 17, 1956, when Laura N. Legg, decedent's daughter, made an application to the Register of Wills of Allegheny County for ancillary letters of administration c. t. a.

On October 13, 1956, the brokers, Merrill, Lynch, et al., notified the H. H. Robertson Company to stop transfer of said shares of stock to Lucille L. Nichols. Thereupon, said share certificates were delivered to said brokers at their Pittsburgh office. Some time thereafter the certificates were returned to the brokers' New York office.

The record does not show the exact situs of the certificates for said stock on December 4, 1956, the date on which Maurice J. Mahoney filed his petition for ancillary letters c. t. a. in the office of the Register of Wills of Allegheny County.

The evidence shows that the identical claim upon which Maurice J. Mahoney rests his present application for ancillary letters of administration was held to be valid on August 1, 1958, in the Probate Court of

Wayne County, Michigan, in ancillary administration proceedings in that court at no. 442-738. The evidence also establishes that the same court, upon petition filed by the widow, refused to give full faith and credit in Michigan to the decree of dower entered in Florida which purports to assign to the widow one third of 346 additional shares of stock of H. H. Robertson Company, the certificates for these shares being in the possession of an ancillary administrator in Michigan. No appeal was taken by the widow from the decree of the Michigan court allowing said claims and denying full faith and credit to the Florida court's decree of dower. . . .

Shares of stock may have more than one situs for purposes of administration: (1) The domicile of decedent; (2) the domicile of the corporation; and (3) the physical location of the share certificates: Goodrich, Conflict of Laws (3d Ed.), sec. 184, pp. 545-6; 3 Beale, Conflict of Laws, sec. 466.1 et seq., pp. 1449-1501; Restatement, Conflict of Laws, §467, Comment.

By the weight of authority, for purposes of administration, the domicile of the corporation has paramount power to treat the shares as a local asset and to ignore the court of another state in dealing with the shares unless the court of the other state has in rem jurisdiction over the shares by reason of the physical presence there of the share certificates or has acquired jurisdiction in personam over the litigants prior to the time when the jurisdiction of the corporate domicile was invoked: Hanson v. Denckla, 357 U. S. 235, 238, 240-43, 246-55; Baker v. Baker, Eccles & Co., 242 U. S. 394, 401; Sylvania Industrial Corporation v. Lilienfeld's Estate, 132 F. 2d 887, 891; 72 A. L. R. 179; 3 Beale, supra, sec. 477.2, pp. 1502-03; sec. 477.3, pp. 1505-06; Goodrich, supra, sec. 184, p. 545. The rule, then, is limited by the full faith and credit requirements of the Federal Constitution and by such further restrictions

as the existence of creditors at the state of incorporation, especially if decedent's domicile has transferred the shares: Lohman v. Kansas City Southern Ry. Co., 326 Mo. 819, 829, 33 S. W. 2d 112.

Neither the Uniform Stock Transfer Act nor the Uniform Commercial Code, which repealed the former, purports to change the rule as to administration of shares of stock except that the indorsement of a share certificate by a personal representative, if guaranteed and proved, will be recognized by the corporation: Uniform Commercial Code of 1953, P. L. 3, sec. 8-402, 12 A PS §8-402.

As to the one-third of said 155 shares of stock awarded as dower in Florida, the court of that State had no jurisdiction in rem because the certificates for the shares claimed by the widow were not there at the death of decedent and have not been there since that time. The share certificates have always been in New York since decedent's death except for the brief period in 1959 when they were in Allegheny County, for the attempted transfer which was refused. Since the Florida court lacked jurisdiction in rem over the shares of stock, the courts of Pennsylvania would be obliged under the Fourteenth Amendment of the Federal Constitution to give "full faith and credit" to the decree of dower of the Florida court only if that court had in personam jurisdiction over the persons who were asserting a right in Pennsylvania contrary to the Florida decree. See Riley v. N. Y. Trust Co., 315 U. S. 343-348-56; Craig Estate, 379 Pa. 157, 158; Wormley Estate, 359 Pa. 295, 299-300; Vaughn v. Love, 324 Pa. 276, 281-82; Kennedy v. Stauffer, 107 Pa. Superior Ct. 5, 11; In re Williamson's Estate, 95 So. 2d 244, 246 (Fla.) ; Royalty v. Florida National Bank of Jacksonville, 127 Fla. 618, 625, 173 So. 689, 691-92.

The record establishes that Walter E. Nichols, Jr., assignor to Maurice J. Mahoney, was a nonresident

of Florida, that he and his sister, Laura N. Legg, were residents of Detroit, Michigan, that no personal service of process was made upon them or either of them in Florida in connection with the widow's petition for assignment of dower, nor did they answer, plead or appear in the dower proceedings. . . .

In her petition sur appeal from the decree of the Register of Wills of Allegheny County granting letters of administration c. t. a. to Maurice J. Mahoney, a resident of this county, the widow of decedent avers and in the hearing before the register attempted to prove that the assignment of the claim from Walter E. Nichols, Jr., to Maurice J. Mahoney is champertous and, therefore, void.

A champertous contract has been defined as one in which the assignor and assignee agree that the latter shall prosecute the assignor's claim at the latter's sole expense and that the two parties will share the proceeds: Ames v. Hillside Coal & Iron Co., 314 Pa. 267, 272-4; Frazier Estate, 75 D. & C. 577, 593-6; Williston, Contracts, §1715, p. 4847-9; Restatement, Contracts, §540. The assignee gives no other substantial consideration and loses nothing if he fails to sue: Ames v. Hillside Coal & Iron Co., supra, 273. The assignor assumes no obligation of warranty: Idem, 274. See also Restatement, Contracts, §547(2).

The assignment of the claim of Walter E. Nichols, Jr., to Maurice J. Mahoney is valid, binding and made for a substantial consideration. The assignee agreed to pay $15,000 for the claim, of which sum $5,000 has been paid on account. The assignee has agreed to pay the balance of $10,000 after final adjudication of the claim. If the claim is not allowed, the assignee will lose his $5,000 investment. The assignor has guaranteed the enforceability of the claim up to an amount of $10,-000. Champerty is not involved in these circumstances.