HENSLEY, ROBERT E., Associate Judge.
The appellant, defendant below, who is the executor of the estate of Nicholas Alag-na, appeals an order denying his motion to quash service of process. Service herein was upon his agent or attorney appointed by him in the probate proceedings, pursuant to F.S.1967, Section 732.47(2), F.S.A.
Appellee, plaintiff below, alleged that she had an interest in the estate as the decedent’s widow who had elected dower. She sued on behalf of the estate on a promissory note given by the defendant to the decedent and another, claiming such note to be an asset of the estate, that the executor failed to list it as an estate asset, that it was due and payable and “on behalf of and as an interested party in the Estate of Nicholas Alagna, deceased, demands judgment against defendant in the amount of $85,474.-57, together with interest from June 1, 1966, attorneys’ fees and costs.”
The lower court refused to quash service on the basis of the holding in Royalty v. Florida National Bank of Jacksonville, 1937, 127 Fla. 618, 173 So. 689. In the Royalty case the executrix was sued individually and in her representative capacity. Service was made on her agent and by publication. The relief sought related to an agreement and certain funds paid thereon, as well as a personal judgment. The court held that insofar as the estate was involved, service on her agent was valid and insofar as property or a fund was involved, service by publication was valid if it was determined that the property or the fund was situated within the jurisdiction of the court. It went on to hold, however, “but no merely personal judgment or decree may legally be rendered against her * * * ”. In this cause the defendant was sued individually only, the note was given the decedent prior to his death and did not accrue in the administration of the estate, there was no fund involved, and the sole relief demanded was a personal judgment against the defendant for money alleged to be due and owing by him.
We hold service insufficient and reverse.
OWEN, J., concurs.
CROSS, J., concurs in conclusion.