PER CURIAM.
A Florida trial court has no in rem jurisdiction over notes secured by mortgages on real property located in a foreign state, to wit: New York. See and Compare Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942); Fla.Jur.2d, Actions §§ 12 and 13. We therefore reverse the order, denying the motion for 1.540 relief, with directions to grant same and vacate the prior order dated December 3, 1984 and rendered December 3, 1984, setting the transfers of the notes and the assignments of the mortgages on such foreign property to Louis Paciocco.[1]
Reversed.

. According to the record, Louis Paciocco, a California resident, was never in the State of Florida. The assignments of mortgages were executed in New York and it does not appear *40 that the notes secured by the mortgages were physically in Florida. This opinion is not to be construed as making any ruling as to whether or not the physical presence of the notes in Florida would constitute a res within the state which would support an in rem proceeding.