SANDLER, HARRY N., Associate Judge.
Appellee, plaintiff in the lower court, brought suit against the defendant, appellant here, seeking a divorce, the custody of the minor children, and for the court to “grant to the plaintiff lump sum permanent alimony, support and maintenance for the two children named above, full suit money and attorney fees at the time of the final determination hereof”. Process was obtained by publication. The defendant not appearing, a decree pro confesso was entered and thereafter the case proceeded ex-parte before the court. The testimony shows that the parties jointly owned real property in the State of Pennsylvania valued at approximately $67,800, and real property in Charlotte and Sarasota Counties, Florida, valued at approximately $38,500. The final decree was entered granting to the plaintiff a divorce, custody of the two children, and awarding to the plaintiff “in lieu of lump sum alimony, all his right, title and interest, by good and sufficient deed, in and to the following described lands” and there followed a description of the lands in the two counties in Florida. The decree further provided that upon the failure of the defendant to convey the property in accordance with the decree, the decree to operate as a conveyance. The defendant has appealed from this decree.
The errors complained of, being substantially two in number, are first, that the affidavit upon which the order of publication it predicated does not comply with the applicable statute, 48.04 F.S.1957, F.S.A., and second, that upon-the pleadings and the record, the trial court was without power to award to the plaintiff the defendant’s interest in the real property in this state in lieu of lump sum alimony. While the affidavit for process would not serve as a model it is, nevertheless, a sufficient compliance with the statute so as to give the court the necessary jurisdiction to enter the decree of divorce. The notice to defendant stated “you are hereby notified that a complaint *104 for divorce has been filed against you” and required the defendant to answer on or before December 23, 1957. Section 48.08 F.S. 1957, F.S.A., provides, among other things, that the notice shall set forth “(4) the description of the real property, if any, proceeded against”. There is nothing in the notice nor in the complaint itself to put the defendant on notice that his interest in the real estate in Florida would be proceeded against or that it might be awarded to the plaintiff in lieu of lump sum alimony. Goode v. Goode, Fla., 76 So.2d 794. While the lower court was empowered to enter a decree of divorce, it was not authorized to award the defendant’s interest in the property in lieu of alimony in a lump sum settlement.
So much of the decree as grants the plaintiff a divorce is affirmed and otherwise reversed for further proceedings as may conform to law, the principles herein expressed, and in conformity with the prayer of the complaint for relief.
Affirmed in part and reversed in part.
KANNER, C. J., and ALLEN, J., concur.