BARNS, PAUL D., Associate Judge.
The appellee-attorney, plaintiff below, recovered judgment against the appellant-client, defendant below, in an action in assumpsit for services rendered. An element of the services claimed to have been rendered by the attorney was that he had procured for the defendant-appellant her husband’s interest in real property held by them as tenants in the entireties. Judgment was rendered for the attorney against his former client for $1,750, whereupon she appealed. We affirm.
Indirectly this action at law is related to two prior suits in equity. The first equity suit was for separate maintenance brought by the wife (appellant here) against her husband which resulted in a consent decree after the husband and wife had agreed that the' husband would cause the title to a duplex to be vested in them as tenants in the entireties; that he would pay as separate maintenance $2,700 yearly and would pay the mortgage payments, taxes and insurance; and that he would have exclusive possession of the duplex. ' The agreement was made a part of the final decree in the first suit.
The husband defaulted, whereupon the wife (by the appellee as her attorney) brought a second suit in equity against her husband wherein she alleged that he was in default in the payment of support money at the rate of $225 per month, and in the payment of the mortgage payments, taxes, insurance, upkeep and maintenance of the duplex; that the husband’s obligation to her for support money and her disbursements for mortgage' payments, taxes, insurance, upkeep and maintenance was in excess of $3,500. She claimed an equitable lien against, the duplex which was specifically described and prayed that the court enter a final decree of foreclosure against the duplex for the amount the husband was in default. Process was by constructive service by publication, which notice so published named her husband as the defendant and stated that the object of the suit was to foreclose an equitable lien against the “interest” of the husband in the duplex which was specifically described. The notice gave a specific address for the defendant husband. In this second suit a final decree of foreclosure of an equitable lien of $2,528.73 was rendered against the “interest” of the husband in the duplex; and at the foreclosure sale the wife was the purchaser and the sale to her was duly confirmed.
In the case at bar, at pre-trial conference it was determined by the trial judge that as a matter of law the appellant-wife had obtained all the right, title and interest of the husband in the duplex by reason of the proceedings in the foregoing second suit and he so instructed the jury. It is this finding and instruction that appellant relies on for reversal.
We need not inquire into whether the final decree in the foreclosure proceeding was erroneous but only whether it was valid. A judgment which although erroneous is valid is not subject to collateral attack either in the state in which it is rendered or in other states, although it may be open to direct attack by further proceedings in the original action [e. g., appeal] or by independent proceedings in equity. Restatement, Judgments, § 11, comment b. There was no appeal, and no latent equities are claimed to exist or suggested. The trial court in the second suit had jurisdiction of the subject matter and, although it did not obtain personal jurisdiction of the husband, he was given legal notice sufficient to satisfy due process. The Restatement of Judgments, § 3, states as follows:
“Judgments Quasi in Rem.
“Where a reasonable opportunity has been afforded to designated per *195 sons to litigate their rights in property before a court which has jurisdiction over the property, and the court has finally decided the controversy, the interests of the state and of the parties require that the rights of the parties in the property shall not be litigated again by them.
“Comment:
“a. Where property is subject to the jurisdiction of the state, a proceeding may be brought to affect the interests of particular persons in the property, even though the persons are not subject to the jurisdiction of the state.”
Error not having been made to appear, the judgment appealed is affirmed.[1] .

. In passing we might suggest that had appellant followed Appellate Rule 3.5(c), 31 F.S.A., more precisely in drafting her assignments of error, the voluminous record on appeal in this case might have been avoided. The rule is very liberal and compliance therewith should be a simple matter.