162 So.2d 288 (1964)
Robert HENNIG, as an Individual, Appellant,
v.
Raymond W. HENNIG, Appellee.
No. 63-805.
District Court of Appeal of Florida. Third District.
March 10, 1964.
Rehearing Denied April 15, 1964.
*289 J.M. Flowers, Miami, for appellant.
Snyder, Young & Stern, No. Miami Beach, for appellee.
Before BARKDULL, C.J., HENDRY, J., and KEHOE, JAMES W., Associate Judge.
KEHOE, JAMES W., Associate Judge.
Appellant, defendant in the trial court, brings this, his interlocutory appeal to review an order of the chancellor denying his motion to dismiss addressed to a complaint for failure to state a cause of action.
The principal question involved in this cause is whether or not the appellee may collaterally attack a final decree of divorce which awarded to a wife her husband's interest in and to property originally held by tenancy in the entirety. The appellee contended that before such a final decree of divorce could divest a husband of an interest in said property [where process was secured on the husband by constructive service, pursuant to §§ 48.04, 48.08, Fla. Stat., F.S.A.], the real property involved should be described in the notice of publication. It is conceded in the instant case that in the prior divorce proceedings the real property was described in the divorce complaint, but was not described in the notice by publication. Although it appears from a recitation in the notice that the husband should have received a copy of the complaint, in accordance with Rule 1.3(h)(i), Florida Rules of Civil Procedure, 30 F.S.A., we hold that failure to appropriately describe the real estate in the notice is jurisdictional. See: Torchiana v. Torchiana, Fla.App. 1959, 111 So.2d 103; Webb v. Webb, Fla.App. 1963, 156 So.2d 698. In the latter case, the following is found:
* * * * * *
"[4] Since the court did not have personal jurisdiction of the defendant and since, after the filing of the complaint, there was nothing done which would, in effect, make it a proceedings in rem or quasi in rem, the court was without jurisdiction to award the husband's interest in the land to the wife."
* * * * * *
The defect in the divorce proceeding, as far as concerns divesting the husband's interest in the real property, was jurisdictional and subject to collateral attack. See: Malone v. Meres, 1926, 91 Fla. 709, 109 So. 677; 19 Fla.Jur., Judgments & Decrees, § 424.
Therefore, having concluded that the constructive service of process in the original divorce proceedings was insufficient to acquire jurisdiction over the property of the husband, the chancellor committed no error in declining to grant the motion to dismiss directed to the husband's complaint to establish his title in and to the real estate.
Affirmed.