ERVIN, Justice
(dissenting).
Certiorari is petitioned for review of a decision in the case of Hennig v. Hennig, 178 So.2d 603 (Fla.App.3d 1965).
On December 31, 1962 Mary J. Hennig was granted a decree of divorce against her husband, Raymond W. Hennig, the Respondent. In the decree title to certain real estate was transferred to Mary J. Hen-nig in settlement of her property rights and all other claims against Respondent.
On April 19, 1963 some three and one-half months after the divorce decree and shortly after the death of Mary J. Hen-nig, Respondent filed suit against the Petitioner Robert Hennig, as Administrator of the Estate of Mary J. Hennig, deceased. This suit was a collateral attack on the portion of the divorce decree transferring title to said real estate to Mary J. *458 Hennig because notice of publication in the divorce suit did not apprise Raymond W. Hennig that Mary J. Hennig, plaintiff therein, was seeking to divest his property rights in and to said property or describe it in the notice. In August 1963 Respondent amended his complaint, naming as defendants Robert Hennig, individually, Jean Woodmansee and Joan Giordonello as all of the heirs of Mary J. Hennig, deceased.
Petitioner Robert Hennig, as an individual defendant, moved to dismiss the complaint for failure to state a cause of action. This motion was denied in September 1963. Robert Hennig appealed and the appellate court (D.C.A.3rd) affirmed on April 16, 1964. See Hennig v. Hennig, 162 So.2d 288 (D.C.A.3rd, 1964).
By notice of publication in Respondent’s suit constructive service was secured upon Petitioners Jean Woodmansee and Joan Giordonello, the other defendants who lived in Pennsylvania and New York, respectively, returnable October 13, 1964. They appeared some six months after said decision in 162 So.2d 288. They pled laches and es-toppel upon the part of Respondent in bringing his suit to declare void the portion of said divorce decree transferring title in the real property.
On November 16, 1964 the chancellor entered final decree declaring void said portion of the divorce decree concerning the real property. All of the Petitioners then appealed. On June 22, 196S the District Court of Appeal affirmed said final decree, stating
“The chancellor recognized and correctly applied the law of the case, as made on the prior interlocutory appeal. See Hennig v. Hennig, Fla.App.1964, 162 So.2d 288.”
This decision, appearing in 178 So.2d 603, is the subject of the petition for certiorari review herein.
Petitioners rely for conflict upon McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323, and Marquette v. Hathaway (Fla.), 76 So.2d 648.
I think that the District Court of Appeal should not have affirmed on the premise that the law of the case announced in the 162 So.2d 288 interlocutory appeal applied as to the rights of the Petitioners Jean Woodmansee and Joan Giordonello. They were not parties in said interlocutory appeal. It may be the rule of law in the earlier case might have been deemed conclusive by way of stare decisis in a comprehensive determination of the appeal on the merits of the issues. But it seems to me the law of the case doctrine should not have been applied to conclude issues as to parties who were not involved in the interlocutory appeal and who subsequently raised issues (laches and estoppel) which were not necessarily decided by the law of the case made in the interlocutory appeal.
In Marquette this Court held that in suits involving title to real property against estates for the possession or recovery thereof, heirs are necessary parties and no decree (and presumably no appeal) binds their interests unless they have been made parties. The decision in the interlocutory appeal did not bind the interests of the two petitioners who were not parties thereto and was not dispositive of later issues raised by them in their defenses.
For the foregoing reasons it appears to me there was sufficient conflict to invoke our certiorari jurisdiction and reach the merits. On the merits I would quash the decision below for the reasons hereinafter stated.
I find that
“ * * * [i]t is conceded in the instant case that in the prior divorce proceedings the real property was described in the divorce complaint, but was not described in the notice of publication. Al *459 though it appears from a recitation in the notice that the husband should have received a copy of the complaint * * *, we hold that failure to appropriately describe the real estate in the notice is jurisdictional,”
quoting from the opinion in 162 So.2d 288. In other words, it appears reasonably certain the husband received a copy of the divorce complaint referring to the real property but he did not appear and decree pro confesso was entered against him. Under these circumstances, I believe the rule announced in Mabson v. Mabson, 104 Fla. 162, 140 So. 801, should have been applied and for reasons of laches and estoppel the collateral attack on the divorce decree by the Respondent should have been disallowed. In the Mab-son case the opinion of this Court written by the late Justice Fred H. Davis, reads in part:
“The writer is of the opinion that the statute was substantially complied with because the defendant was actually and personally served by mail with notice of the institution of the suit and admits receiving such notice in fact. * * * ”
* * * * * *
“[7] Laches, inequitable conduct, and waiver of the right of complainant to raise any objection may constitute a good defense to a bill in the nature of a bill of review brought to attack the validity of a divorce decree. * * * ”
******
“ * * * It appears from the complainant’s bill in the nature of a bill of review that she received from the clerk of the court, under the statute, notice of the pendency of the divorce suit against her and had reasonable opportunity to present therein her defenses and claims for alimony, but intentionally refrained from asserting her rights in the Florida court. * * * ”