SPECTOR, Judge.
Appellant, defendant below in a divorce action, brings this appeal from an order denying his motion to vacate that portion of a final decree which determined that appel-lee had a special equity in appellant’s property and vested title thereto in the appellee in satisfaction of such special equity.
Appellant’s motion to vacate is limited to only that portion of the decree and is based on the ground that no personal service was had on him as defendant and, further, that no jurisdiction was acquired over his property by the constructive service relied upon by the appellee. The defect in the service of process to which appellant directs our attention is the failure of the published notice to contain a description of the property in which appellee claimed and was awarded a special equity.
It is our view that appellant’s challenge of the legality of the constructive service of process insofar as his property is concerned is well founded. The requirement that the notice of publication must describe the property in which rights are sought to be adjudicated has been held to be jurisdictional. Hennig v. Hennig, 162 So.2d 288 (Fla.App.3d 1964), cert. denied 166 So.2d 754 (Fla.). In Hennig, supra, the court was confronted with a factual situation not unlike the one now at hand. There, as in this case, the notice of publication failed to describe the defendant husband’s property in a divorce action, and the court held such failure to constitute defective notice insofar as the court’s power to divest the husband of his interest in the property was concerned.
A like ruling was made in Torchiana v. Torchiana, 111 So.2d 103 (Fla.App.2d 1959). There the court held that the affidavit for process was sufficiently in compliance with *11 the statute authorizing constructive service of process so as to give the court jurisdiction to enter a decree of divorce. However, since there was nothing in the notice itself to place the defendant husband on notice that his interest in property in this state might be awarded to the plaintiff, it was held that the court was not authorized to award any interest in the property to the plaintiff wife.
A further question implicit in this appeal is whether a final decree which is void because of a jurisdictional defect may be set aside by motion rather than an action initiated by a separate complaint. We think this question is properly answered by the editor’s statement in 10 Fla.Jur., Divorce, Section 108, as follows:
“Where a judgment or decree appears from the face of the record to be void for lack of jurisdiction, it may be set aside on motion at any time. * * * ”
In the instant case, the jurisdictional defect is apparent on the record. The fourth paragraph of the final decree purports to affect real property not described in the notice of publication as is required by the cases cited above. Accordingly, the setting aside of that portion of the final decree could properly be accomplished by motion. In McGee v. McGee, 156 Fla. 346, 22 So.2d 788, our Supreme Court approved the setting aside of a final divorce decree by motion where lack of jurisdiction over the person was apparent on the face of the record even though other remedies might be available to set aside the. final decree.
Florida Rules of Civil Procedure, Rule 1.540(b), 31 F.S.A., provides for the relief sought by appellant in his motion to set aside the portion of the final decree affecting his property. The material portion of the said rule provides:
“(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: * * * (4) the judgment or decree is void; * *
In Corrigan v. Corrigan, 184 So.2d 664 (Fla.App. 4th 1966), the appellant urged as grounds for reversing a decree setting aside a divorce decree previously granted on defective service of process that a separate action was an improper remedy in the premises in view of 30 F.S.A., Rules of Civil Procedure, Rule 1.38(b) [now Rule 1.540(b), 31 F.S.A.] providing for setting aside final decree by motion. The court in an opinion written by Judge Wigginton held such relief may be had in appropriate cases by either a motion under the rule or on independent action.
In accordance with the above authorities, it is our view that the order denying appellant’s motion to set aside that portion of the decree relating to the real property should be reversed and the cause remanded to the lower court for further proceedings consistent with the views expressed herein.
Reversed and remanded.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.