318 So.2d 151 (1975)
Zelma M. GRIFFIN, Appellant,
v.
Miriam ZINN, Appellee.
No. 74-1032.
District Court of Appeal of Florida, Second District.
August 8, 1975.
*152 Frank J. Aloia, Adderly, Aloia & Dudley, Cape Coral, for appellant.
Alan S. Kessler, Miami, for appellee.
McNULTY, Chief Judge.
In this interlocutory appeal we review the question of jurisdiction in an action "quasi in rem" and briefly revisit Pennoyer v. Neff.[1]
Each of the parties hereto is a citizen and resident of Ohio. Plaintiff-appellee obtained an Ohio judgment on a note executed by appellant in Ohio and seeks herein to establish the Ohio judgment in this state and enforce it against certain property here owned by appellant. No attachment or other process issued out of the trial court seizing the property, but defendant-appellant was personally served with process in Ohio, by an Ohio deputy sheriff, pursuant to the Florida "long arm statute."[2] Apart from irrelevant formalities the complaint itself merely recites that the plaintiff-appellee has obtained a judgment in Ohio against appellant in a sum certain, which remains unpaid; that defendant-appellant owns real estate in Florida, describing it in an attached exhibit; and it prays for "judgment for damages against the defendant" (italics ours) in the sum aforesaid. No claim is asserted against the property itself.
Defendant-appellant specially appeared to contest jurisdiction and by this interlocutory appeal seeks review of an adverse ruling. We reverse.
To begin with, we summarily dispose of the precise point upon which the trial judge erroneously based his conclusion. As noted, service of process was made on appellant pursuant to the long arm statute, supra, which provides in part as follows:
"Acts subjecting persons to jurisdiction of courts of state:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(c) Owns, uses, or possesses any real property within this state." (Italics ours.)
The trial judge was obviously of the view that he had in personam jurisdiction over the defendant-appellant pursuant to these provisions simply because an affidavit filed by appellee herein reveals that a part of the consideration for her loan to appellant, which was evidenced by the promissory note on which appellee's Ohio judgment was based, was appellant's promise to dispose of her Florida real estate so that the loan might be repaid. The court apparently thought that these circumstances constitute a basis for an action "arising from" the ownership of real property within the contemplation of the aforequoted section. Not so. The cause of action herein is the Ohio judgment itself, a chose in action, and has nothing to do with the ownership, use or possession of real estate in Florida. The foregoing provision obviously relates only to those cases in which there is a direct affiliation or nexus between the basis of the controversy and the Florida property itself as, for example, when a plaintiff *153 claims damages resulting from the negligent maintenance of Florida property owned by a non-resident. In such case, the cause of action would clearly arise from the ownership of that property within the contemplation of the foregoing statute. The statute is inapplicable here.
Notwithstanding, however, because the paramount question herein is jurisdiction we are compelled to resolve it otherwise. This brings us to the renewal of our acquaintance with Pennoyer v. Neff, supra. That case, of course, was the grandsire of the rule that in these diversity actions a plaintiff may constitutionally enforce an in personam claim against a non-resident defendant only to the extent of proceeding against specific property owned by that defendant in the forum state. In addition to the obvious prerequisite of adequate notice thereof, it laid down as a further requirement to the bringing of such an action that the property be seized prior to judgment by appropriate process of the court.
In the ninety-eight years since that decision, however, while it still seems to be the general rule as well as the rule in Florida,[3] serious doubt has arisen as to whether prejudgment seizure,[4]as a prerequisite to jurisdiction, can survive serious analysis in the light of modern concepts.[5] It would seem that, given authority over the plaintiff and over the subject matter of the action, and having territorial power over the property itself, the right in the forum to exercise that power over the property would depend only upon the due process requirements of giving sufficient notice to the defendant that his property was in jeopardy and affording him a reasonable opportunity to appear and defend.[6] Moreover, since conceptually it is essentially a proceeding against the property, notwithstanding that it is predicated on an in personam, transitory claim against the non-resident defendant, there seems to be no greater reason to require seizure in an action quasi in rem than in one strictly in rem in which it was never required.[7]
We would suggest that practical considerations may dictate for other reasons that preservation of the res is most desirable, particularly with regard to easily disposed of chattels or money accounts which can be "tied up," as it were, by attachment, garnishment or injunction, thus assuring an efficacious judgment if one is obtained and at the same time avoiding a sterile expenditure of judicial labor. But these considerations should have nothing to do with jurisdiction itself, viz, the right to exercise a conceded power to adjudicate a claimed interest in property territorially within the forum state. Due process "notice" ought be the only catalyst.
In any case, we need not expressly decide now whether in Florida attachment or other process of seizure remains an additional condition precedent to that right. This is so because even in those cases following *154 Pennoyer in which such requirement has been unrecognized, diluted or receded from,[8] it has universally been held nevertheless to be an absolute prerequisite to "jurisdiction" that not only must the property be clearly and specifically described in the required notice to the defendant but also that such notice clearly and expressly set forth that the action is directed against that specific property for the purpose of enforcing the plaintiff's claim to the extent thereof. In other words, there must be a clear notice that the property is in jeopardy of sequestration or appropriation to satisfy the plaintiff's claim.[9] This requirement was not met here.
It is true that the property was clearly and specifically described in the complaint served; but it is also clear that it was so described with a view toward satisfying what was erroneously thought to be an ownership requirement for in personam jurisdiction within the purview of the long arm statute, supra, and not to give notice that the action was directed against the property itself. Indeed, as noted, the complaint expressly prays for an in personam judgment. The omission is fatal even if seizure of the property would not be required.
To sum up, it must always be made clear in these actions quasi in rem that it is the described property itself which is the object of the action and, further, that such property is subject to sequestration or appropriation in whole or in part to satisfy the asserted claim of the plaintiff against the non-resident owner thereof. We hold, moreover, that these requirements are not waived by a special appearance nor obviated by actual knowledge acquired as a result of that special appearance.[10]
In view whereof, the order appealed from should be, and the same is hereby, reversed and the cause is remanded with directions that an order be entered dismissing the action for lack of jurisdiction.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] (1877), 95 U.S. 714, 24 L.Ed. 565.
[2] Section 48.193, F.S. 1973.
[3] See Annot., 10 A.L.R.3d at 212 et seq. As to Florida, see Gribbel v. Henderson (1942), 151 Fla. 712, 10 So.2d 734; Burkhart v. Circuit Court of Eleventh J. Circuit (1941), 146 Fla. 457, 1 So.2d 872; Webb v. Webb, (Fla.App.3d, 1963), 156 So.2d 698.
[4] We say "prejudgement seizure" because many cases have held it sufficient if seizure were effected at any time before judgment, even if not at the commencement thereof. Pennington v. Fourth Nat. Bank (1917), 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713, seems to stand alone in declaring that it must be effected at the commencement of the action.
[5] See von Mehren and Troutman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Har.L.Rev. 1121 (1966). See also Note, The Requirement of Seizure in The Exercise of Quasi In Rem Jurisdiction, 63 Harv. L.Rev. 657 (1950).
[6] Id. Portending a possible trend in Florida, though perhaps an isolated or distinguishable case, see Klausner v. Ader (Fla.App.3d, 1963), 156 So.2d 193, wherein there was no seizure, merely "notice."
[7] In fact, Pennoyer itself is unclear as to the reasons for requiring seizure in these cases while recognizing that it is not required in proceedings strictly in rem. See also, 63 Harv. L.Rev. 657, n. 5, supra.
[8] Wisconsin courts, for instance, never did follow Pennoyer. Full and adequate notice coupled with the territorial presence of the res at commencement of the action are all that was ever required. More or less significantly, the Wisconsin rule has apparently never been constitutionally tested in the federal courts.
[9] See Annot., 10 A.L.R.3d, n. 3, supra. See also Nethery v. Nethery (Fla.App.1st, 1968), 212 So.2d 10, and Torchiana v. Torchiana (Fla.App.2d, 1959), 111 So.2d 103.
[10] See Burkhart v. Burkhart (1940), 146 Fla. 457, 197 So. 730; Bowmall v. Bowmall (1937), 127 Fla. 747, 174 So. 14, and Webb v. Webb (Fla.App.3d, 1963, 156 So.2d 698.