336 So.2d 125 (1976)
James L. KIRK, II, Executor of the Estate of Josephine Thompson, Deceased, Appellant,
v.
Stanley BAUMANN et al., Appellees.
No. 76-221.
District Court of Appeal of Florida, Second District.
July 9, 1976.
Rehearing Denied September 2, 1976.
Malka Isaak and Hume F. Coleman, Holland & Knight, Lakeland, for appellant.
James R. Clouse, Jr., Fort Myers, for appellees.
McNULTY, Chief Judge.
Appellant, seeking a declaratory judgment as to ownership of certain stock and injunctive relief, filed a notice of lis pendens pursuant to § 48.23, F.S. 1975, intending *126 thereby to prevent alienation of the stock during the pendency of the action. On motion, the trial judge discharged the lis pendens and this interlocutory appeal ensued. We affirm.
The one point meriting discussion herein involves the trial court's interpretation of § 48.23(3), F.S. 1975. That section provides:
"(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." (Italics supplied.)
The trial court construed this section to mean that, in a situation such as here wherein the action is not founded on a duly recorded instrument or mechanic's lien, a notice of lis pendens may not be filed absent a prior order of court. Appellant argues, on the other hand, that the section merely gives the court authority to discharge such lis pendens, upon good cause shown, after notice thereof has been filed. We agree with the trial court.
At common law, of course, a lis pendens operated only as against realty. Section 48.23, supra, contemplates that it may also operate as against personalty; but it was obviously the intent of the legislature in enacting paragraph (3) thereof to require that the same safeguards applicable to injunctions be observed. If it were otherwise, one could avoid the requirements of notice, the posting of an adequate bond and the showing of irreparable harm as required for injunctions by Rule 1.610, RCP, merely by filing a notice of lis pendens. Neither public policy, the interests of justice nor, indeed, due process can tolerate such a result.
In view whereof the judgment appealed from should be, and it is hereby, affirmed.
BOARDMAN and SCHEB, JJ., concur.