337 So.2d 837 (1976)
Patricia Carol LAHR, Appellant,
v.
Larry O. LAHR, Appellee.
No. 76-425.
District Court of Appeal of Florida, Second District.
September 29, 1976.
*838 Jonathan H. Hancock of Hancock & Ables, Sebring, for appellant.
Marie Alice Crano, Lake Wales, for appellee.
BOARDMAN, Acting Chief Judge.
Appellee/petitioner brought suit against appellant/respondent seeking a dissolution of marriage, custody of the two minor children, and a distribution of real and personal property. According to the parties' briefs,[1] process was served on the nonresident appellant by publication. A default was entered by the clerk of the circuit court against appellant for her failure to serve or file responsive pleadings. After the entry of the default, appellant filed a motion to dismiss the petition on the ground that appellee had not been a resident of Florida for six months prior to filing his petition.
The motion to dismiss was returned to appellant pursuant to RCP 1.500(c). However, a hearing was subsequently held on said motion which, according to the parties' briefs,[2] was treated by the court as a motion to set aside the default. The motion was denied. Following a hearing on the petition for dissolution the circuit court entered a final judgment which dissolved the marriage, granted custody of the two minor children of the parties to appellee, and awarded the marital home, furnishings and an automobile to appellee. Appellant filed this timely appeal from that judgment.
Appellant contended that the circuit court erred in denying the motion to dismiss. The record on appeal in this case does not contain the transcript of the hearing on the motion to dismiss. It is a basic principle of appellate review that appellant has the burden of showing error in the trial court proceedings. We, therefore, presume that the trial court's denial of the motion was correct and hold that no error was committed.
Appellant further contended that the trial court erred in awarding the real and personal property to appellee. We agree and hold that while the court did have jurisdiction to dissolve the marriage and to award custody of the children, it did not have jurisdiction over the property. The dissolution proceedings are in the nature of a quasi in rem action. The court did not have personal jurisdiction over appellant because she was a nonresident served by constructive process and did not have jurisdiction over the property because neither the notice of the action nor the complaint contained a description of the property. Section 49.08(4) of the Florida Statutes requires that the notice of publication describe the realty which is the subject matter of the action. Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation District, Fla. 1973, 274 So.2d 522; Torchiana v. Torchiana, Fla.App.2d 1959, 111 So.2d 103.
This court held in Griffin v. Zinn, Fla.App.2d 1975, 318 So.2d 151, that the requirement for a description of the property which is to be affected by the judgment is of constitutional dimension. To satisfy the notice element of due process the complaint must set forth that the action is directed against the property itself and include a specific description of that property. Griffin, supra. See also Shannon v. Great Southern Equipment Co., Fla.App.2d 1976, 326 So.2d 19. In the case before us the petition simply alleged that "[t]he parties own real and personal property to be distributed by this Court" and prayed "[t]hat this Court award the properties to Husband." The said allegations do not satisfy the requirements of Griffin. Therefore, the trial court did not have jurisdiction over either the realty or the personalty.
*839 Accordingly, that part of the final judgment granting dissolution of the marriage and awarding custody of the children is affirmed. That part of the judgment awarding the realty and personalty to appellee is reversed.
AFFIRMED in part; REVERSED in part.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] No service of process is contained in the record on appeal.
[2] No transcript of the hearing is included in the record on appeal.