RAWLS, Judge
(dissenting).
The sole question presented by this interlocutory appeal as framed by appellants is:
Where more than one year passed after recording of lis pendens; and the initial pleading does not show that action is founded on a duly recorded instrument or a mechanic’s lien; and no fraud, misrepresentation, mistake or insolvency of land owner is shown, it was an abuse of discretion for the trial court to deny motion to discharge lis pendens.
I am of the firm conviction that the subject lis pendens should be stricken.
A suit was filed by plaintiffs (appellees) in Okaloosa County, Florida, alleging breach of contract and asking for an accounting along with a declaratory judgment against defendants (appellants). Plaintiffs filed a lis pendens in Gulf County, Florida, on December 28, 1973, by which they asserted an interest in some 920 acres of land located on Cape San Bias. The initial lis pendens was re-recorded by plaintiffs on January 22,1974. Defendant, Cape San Bias Joint Venture, on the following day moved to discharge the lis pendens, which motion was denied. A second amended complaint was filed by plaintiffs on April 7, 1975. Cape San Bias again moved to discharge the lis pendens, which motion was denied on July 26, 1976; hence this appeal.
According to plaintiffs’ second amended complaint, this cause of action was instituted on the basis of an unrecorded agreement executed by defendant, Ralph A. Ritteman, viz:
“For and in consideration of Thirty Thousand and no/100 dollars ($30,000.00), receipt of which is hereby acknowledged, the undersigned hereby sells, transfers and conveys unto Donald C. Raimey, David H. Groark and Wallace P. Conklin, jointly, an undivided ten per cent (10%) interest of all that interest presently held by Ralph A. Ritteman, Benton Mussel-white and Robert A. Burr in a certain tract of land comprised of approximately Nine Hundred Thirty (930) acres located at Cape San Bias, Gulf County, Florida. Thirty Thousand and no/100 dollars ($30,-000.00) refundable from loan proceeds at closing.
WITNESSES:
(names not legible)
Signed: May 24, 1973
/s/ Ralph A. Ritteman
TRUSTEE”
At the time Ritteman borrowed the $30,-000.00, he had a contract to purchase approximately 920 acres of land located on Cape San Bias from Partnership Investments of Florida, Inc.[1] On July 27, 1973, Ralph Ritteman, Trustee; Northwest Florida Investments, Inc. (Ritteman was majority stockholder); George W. Griffith and Cape San Bias, Ltd., formed a joint venture under the name of Cape San Bias Joint Venture, which agreement was recorded in the official records of Gulf County. The property was subsequently purchased by Northwest Florida Realty, Inc., which, on September 27, 1973, by its president, Ralph *332 Ritteman, conveyed by quit-claim deed the subject land to Cape San Bias Joint Venture. Plaintiffs’ second amended complaint alleges that the $30,000.00 loan has not been paid and that they have not received any interest in the property.
The effect of a lis pendens on the owner of property is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property, because the interest of the purchaser or mortgagee would be subject to the eventual outcome of the suit. Beefy King International, Inc. v. Veigle, 464 F.2d 1102 (5th Cir. 1972). Recognition by the legislature of the impact of the recording of a lis pendens against land is evident from the clear provisions of Section 48.23(2), Fla.Stat., viz:
“(2) No notice of lis pendens is effectual for any purpose beyond one year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument, or on a mechanic’s lien claimed against the property involved except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.”
Thus, the legislature recognized and distinguished between an instrument such as the one here considered and such an instrument in a form that imposes a lien upon property and other claims. Had plaintiffs at the outset of the instant transaction desired to secure a lien upon the subject property, an instrument subject to the recording statutes could have been prepared and executed.[2]
Clearly plaintiffs’ cause of action was founded on the written contract reciting the loan of $30,000.00. Thus, a lis pendens filed upon this instrument falls within the purview of Sec. 48.23(3), Fla.Stat., viz:
“(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic’s lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.”
In construing this provision, our sister court has recently held in Kirk v. Baumann, 336 So.2d 125 (Fla. 2nd DCA 1976), that where the action is not founded on a duly recorded instrument or mechanic’s lien, a notice of lis pendens may not be filed absent a prior order of the court. The rationale of this conclusion is stated as follows:
“If it were otherwise, one could avoid the requirements of notice, the posting of an adequate bond and showing of irreparable harm as required for injunctions by Rule 1.610, RCP, merely by filing a notice of lis pendens. Neither public policy, the interests of justice nor, indeed, due proe-ess can tolerate such a result.”
Although not necessary in support of my conclusion here, it is my view that the Second District Court of Appeal correctly interpreted the legislative scheme as to the lis pendens procedure.
The trial court, in my opinion, abused its discretion in denying the motion to strike the subject lis pendens for the following reasons: 1) the action was founded upon an instrument not duly recorded and more than one year has elapsed since it was filed, thus, it is now ineffectual; and 2) plaintiffs’ allegations in the second amended complaint do not state facts upon which an injunction could issue, therefore, it does not comply with the statutory mandate that when the initial pleading does not show that the action is founded on a duly recorded instrument, “the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.” (emphasis supplied).
Facts which would justify injunctive relief having not been alleged by plaintiffs in their initial pleading, it is my view that the trial court was required, as a matter of law, to dissolve the subject lis pendens.

. The contract to purchase recited a purchase price of $3,750,000.00.

. Plaintiffs assert that, by attaching a copy of the joint venture agreement between Ritteman, et al., to their complaint, one of the documents upon which this action is based is a “recorded instrument” as defined by the statute. Such an argument is specious. Plaintiffs clearly were not parties to the recorded agreement. To construe the statute as plaintiffs urge would only require a party to attach a certified copy of a recorded deed or other instrument between third parties to a complaint.