411 So.2d 894 (1982)
Daniel L. WIGGINS, Sr. and Gloria H. Wiggins, Appellants,
v.
John DOJCSAN and Veronica Dojcsan, Appellees.
No. 81-533.
District Court of Appeal of Florida, Second District.
February 12, 1982.
Rehearing Denied March 29, 1982.
*895 Louis X. Amato of MacLean, Amato & Arlen, Naples, for appellants.
Louis S. Erickson, Naples, for appellees.
RYDER, Judge.
Daniel and Gloria Wiggins appeal the order denying their motion to quash service of process and to strike the lis pendens. We affirm.
Appellees' first amended complaint stated that it was an action quasi in rem directed against real property in Collier County. Appellees alleged that appellants were not Florida residents and could not be personally served. Appellees stated a claim for damages against appellants for guarantee of a defaulted promissory note, and demanded sale of the real property to satisfy the claim. Appellees then filed a notice of lis pendens against the property.
Appellants moved to dismiss the complaint, quash service of process by publication, and strike the lis pendens. They appeal from the denial of those motions, arguing that a court order must precede the filing of a lis pendens and that quasi in rem jurisdiction requires seizure or attachment of the property at the institution of the proceedings. We hold that neither act is necessary.
Section 48.23(3), Florida Statutes (1979), provides:
When the initial proceeding does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
We held in Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976), that the statute required an order of court before filing of notice of lis pendens unless the action was founded on a recorded instrument or mechanic's lien. At least one other district court has reached the opposite result. Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981). We are persuaded by the logic expressed in Cacaro that a notice of lis pendens has only indirect effect on the alienability of the property, that the statute does not expressly require a hearing before filing of the notice, and that the legislature could have expressly provided for a hearing requirement had one been intended. We therefore depart from our holding in Kirk v. Baumann, supra, and herein hold that an order of court need not precede the filing of a valid notice of lis pendens.
Traditionally, the exercise of quasi in rem jurisdiction required seizure or attachment of the property at the outset of the proceeding. See Pennington v. Fourth National Bank, 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713 (1917), Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877); Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941); F. James, Civil Procedure, Section 12.7 (1965). But as we noted in Griffin v. Zinn, 318 So.2d 151 (Fla. 2d DCA 1975), discussing Pennoyer v. Neff, supra:
In the ninety-eight years since that decision, however, while it still seems to be the general rule as well as the rule in Florida, serious doubt has arisen as to whether prejudgment seizure, as a prerequisite to jurisdiction, can survive serious analysis in the light of modern concepts. It would seem that, given authority over the plaintiff and over the subject matter of the action, and having territorial power over the property itself, the right in the forum to exercise that power over the property would depend only upon the due process requirements of giving sufficient notice to the defendant that his property was in jeopardy and affording him a reasonable opportunity to appear and defend. Moreover, since conceptually it is essentially a proceeding against the property, notwithstanding that it is predicated on an in personam, transitory claim against the nonresident defendant, there seems to be no greater reason to require seizure in an action quasi in rem than in one strictly in rem in which it was never required.
318 So.2d at 153.
We hold that an attachment or seizure of the real property below need not have been *896 effected at the outset of the action. The description of property in the complaint, characterization therein of the action as quasi in rem, prayer for relief demanding sale of the property, and lis pendens give clear notice that the property is in jeopardy.[1] Appellants do not contend that they had inadequate notice to appear and defend the action. Thus, requirements of due process have been met. See Griffin v. Zinn, supra.[2]
The order below denying the motion is AFFIRMED.
BOARDMAN, A.C.J., concurs.
GRIMES, J., dissents with opinion.
GRIMES, Judge, dissenting.
I do not believe that appellees have yet obtained jurisdiction over either appellants or their property.
In the early case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), the United States Supreme Court declared that the sole criterion for jurisdiction was the presence of persons or property within the forum state. Pennoyer held that in the case of in rem or quasi in rem actions, a state court could obtain jurisdiction over a nonresident's property within its borders by means of attachment at the commencement of the action. Subsequently, exceptions to the "presence" theory of jurisdiction were developed in order that plaintiffs might obtain in personam jurisdiction over certain nonresident defendants who had a special connection with the forum state such as motorists who had caused tortious injury there or persons doing business within the state. E.g., Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479 (1914).
For purposes of acquiring in personam jurisdiction, the Supreme Court totally replaced the territorial restrictions of Pennoyer in 1945 with a standard which permitted plaintiffs to obtain jurisdiction over nonresident defendants who maintained minimum contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Significantly, International Shoe did not repudiate the doctrine that a state could continue to assert quasi in rem jurisdiction over a nonresident property owner and thereby obtain a binding judgment against him to the extent of his property interests, notwithstanding the fact that the nonresident did not have sufficient contacts with the state to subject him to in personam jurisdiction. However, in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the Court rejected the Pennoyer rationale that the presence of property in the forum state automatically conferred jurisdiction over the owner's interest in the property and held that the minimum contacts test of International Shoe should be applied uniformly without regard to the nature of the action. The Court reasoned that while ownership of property could in some cases be a factor in determining a nonresident's minimum contacts with the state, ownership of property unconnected with the cause of action would not, by itself, provide a basis for a quasi in rem action.[1]
The practical effect of the Court's ruling in Shaffer has been to render jurisdictional attachment largely obsolete in states such as Florida which have comprehensive long arm statutes that encompass most types of minimum contacts. Thus, a plaintiff will usually obtain jurisdiction over a nonresident by means of the applicable long arm statute. Should it be desirable to tie up the *897 nonresident's property within the state prior to judgment, the plaintiff may also resort to the state's statutory attachment remedies, but under those circumstances, jurisdiction will still not be obtained through the attachment. Yet, the Supreme Court did not hold attachment for purposes of obtaining jurisdiction to be unconstitutional where minimum contacts exist. Shaffer v. Heitner, 433 U.S. at 213 n. 40, 97 S.Ct. at 2584 n. 40. See Intermeat, Inc. v. American Poultry, Inc., 575 F.2d 1017 (2d Cir.1978). Moreover, if the dictum from Griffin v. Zinn, 318 So.2d at 153, quoted by the majority, accurately reflects current law, there is no need for any kind of prejudgment seizure so long as the complaint is clearly directed against specific property within the state for the purpose of enforcing the plaintiff's claim and the defendant receives adequate notice of the action.
Turning to the present case, even under the liberal rationale of Griffin v. Zinn, appellees have not obtained jurisdiction because they have fallen short on the notice requirements. The record does not reflect an attempt to effect personal service of their amended complaint, and there is no need to decide whether constructive service would suffice because they did not attempt constructive service. They did allege in the amended complaint that they had never perfected personal service because appellants appeared to be avoiding the deputy when he sought to serve them with the original complaint at their most recent address in Indiana. However, the original complaint neither described the property nor purported to claim quasi in rem jurisdiction. In the final analysis, without some kind of service which would give appellees notice of the action, quasi in rem jurisdiction could not be asserted. See Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942). Actual knowledge obtained by way of special appearance will not suffice. Griffin v. Zinn.
The error has been compounded because the notice of lis pendens remains intact. Even if I am wrong about jurisdiction, the court should have stricken the notice of lis pendens. Any suggestion that it enhances quasi in rem jurisdiction was set at rest by Griffin v. Zinn since Griffin held that a proper complaint and notice obviate the need for any kind of prejudgment seizure. While I agree with the majority opinion that a party may file a notice of lis pendens without first obtaining a court order, this is not the type of complaint which will support a notice of lis pendens. Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA), cert. denied, 374 So.2d 99 (Fla. 1979). Though it is true that if appellees obtain a judgment they will be entitled to look to the property in issue for satisfaction, the same result would obtain in the case of any other judgment against appellants because the judgment would become a lien on their property. With respect to their cause of action against appellants, appellees are in the same posture as any other general creditor. They do not have a claim against the specific property which would provide a basis for tying it up by the filing of a notice of lis pendens. De Pass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Hallmark Manufacturing, Inc. v. Lujack Construction Co., 372 So.2d 520 (Fla. 4th DCA 1979).
Appellees make their claim against the property only for the purpose of acquiring quasi in rem jurisdiction. To permit them to acquire jurisdiction in this manner and also to allow the notice of lis pendens to remain intact puts them in a better position than they would have been if they had obtained personal jurisdiction under the long arm statute. By virtue of their notice of lis pendens, they, as appellants' general creditors, will obtain lien priority over subsequent purchasers without ever having to go through the bonding requirements of attachment. Cf. Sunrise Point, Inc. v. Foss which held that a notice of lis pendens not predicated upon a duly recorded instrument or mechanic's lien could not be maintained except upon the posting of a bond.
I respectfully dissent.
NOTES
[1] We note that the lower court may require a bond from appellees to maintain the lis pendens at issue. See Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA), cert. denied, 374 So.2d 99 (Fla. 1979).
[2] We note that appellants allegedly executed the promissory note in Florida, were officers of a defendant Florida corporation also signing the note, and that the note was payable in Florida. There is no question that appellants had sufficient minimum contact with Florida to justify personal jurisdiction, and thus quasi in rem jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).
[1] For a further discussion of the decision, see 35 Wash. & Lee L.Rev. 131 (1978).