448 So.2d 1229 (1984)
Eleanor Lucille BURTON, Appellant,
v.
Raymond Harold BURTON, Appellee.
No. 83-1961.
District Court of Appeal of Florida, Second District.
April 25, 1984.
*1230 Marc A. Tenney, St. Petersburg, for appellant.
No appearance by appellee.
OTT, Chief Judge.
In this dissolution of marriage action, the lower court ruled that in the absence of personal service on the appellee it lacked jurisdiction to deal with the title or make any award of the marital home of the parties to appellant. We reverse.
Appellant and appellee were married in 1952. Approximately twelve years ago they purchased the marital home in question in their joint names. Three years later appellee abandoned the family and his present whereabouts are unknown. For the last nine years appellant has been the sole supporter of the family of four children, one of whom is still a minor. She has had the sole responsibility of preserving, and protecting the marital home, including payment of the mortgage, taxes, utilities, and maintenance.
Appellant eventually petitioned to dissolve the marriage. She sought, among other things, an award of the marital home either as lump sum alimony or because of her special equity therein. Pursuant to chapter 49, Florida Statutes (1981), constructive service by publication was lawfully perfected on appellee. He failed to answer or otherwise plead, and a default was entered. In the final judgment, the lower court ruled that "the court lacks personal service upon [appellee] and therefore the marital home of the parties ... shall become a tenancy in common."
Where personal service of process cannot be effected in an action to enforce any equitable title or interest in real or personal property within the jurisdiction of the court, service by publication is proper. See § 49.011(1), Fla. Stat. (1981). Similarly, such service is proper in any action for the dissolution of a marriage. § 49.011(4), Fla. Stat. (1981). Because the property, together with the appellant's equitable claim against it, was described in the petition for dissolution, see section 49.08, Florida Statutes (1981), and because the property was located within the lower court's jurisdiction, we conclude the lower court had jurisdiction of both the property and the subject matter to make an award of the marital home to appellant consistent with proper proof of equitable entitlement. See Lahr v. Lahr, 337 So.2d 837 (Fla.2d DCA 1976).
Appellant should have been afforded an opportunity to establish her need for the home as lump sum alimony and appellee's ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). Alternatively, she may be entitled to the home if she establishes a special equity therein. Although payments on real property made with funds earned during the marriage do not ordinarily give rise to a special equity, Baker v. Baker, 403 So.2d 1111 (Fla. 2d DCA 1981), the lower court should consider whether appellant has acquired a vested interest in the home because of contributions "over and above the performance of normal marital duties." Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980).
The final judgment of dissolution is therefore REVERSED, and the case is REMANDED for further proceedings consistent herewith.
BOARDMAN and RYDER, JJ., concur.