COBB, Judge.
The issue before us on this appeal concerns the effect of a notice of lis pendens, validated by an interlocutory appellate procedure, which expires prior to final judgment in the trial court, but which was in effect at the time an interest was acquired from a defendant in the trial court.
In 1981, L.H. Hough initiated an action in Duval County against T.B.F. Properties, Inc. for specific performance, reformation, rescission, and injunctive relief pertaining to real property situated in St. Johns County. Hough alleged that his ex-wife, Louise T. Bailey, improperly deeded the property to T.B.F., a corporation she owned, in violation of a prior agreement that it was to be deeded to him. This action was filed on July 1, 1981, and a notice of lis pendens was filed in St. Johns County on July 7, 1981, pursuant to section 48.23, Florida Statutes (1981), which provided in pertinent part:
(2) No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument, or on a mechanic’s lien claimed against the property involved except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic’s lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
(4) This section applies to all actions now or hereafter pending in any state or federal courts in this state, but the period of time above-mentioned does not include the period of pendency of any action in an appellate court.
Some nine months later, on April 28, 1982, the trial court entered an order striking the lis pendens for the reason that it was not based on prior court authorization as required by Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976). Hough’s appeal of that order, which was treated as a petition for writ of certiorari, resulted in a reversal of the trial court’s order. See Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982), review denied, 441 So.2d 614 (Fla.1983). The First District disagreed with Kirk and said: “Since the court below made no findings on appropriateness, instead dismissing in reliance on Kirk, we reverse the order and remand so that findings on the appropriateness of a continued lis pendens can be made.”
The opinion of the First District issued on November 9, 1982. Bailey, however, sought review by the Florida Supreme Court, which first accepted, then rejected jurisdiction.[1] The supreme court’s dismissal of the petition for certiorari was dated November 23, 1983. Thereafter, on March 1, 1984, the Circuit Court of Duval County entered final judgment declaring that *1281 Hough was entitled to delivery of deeds to the property and, upon failure of such delivery, the judgment was to act as an automatic conveyance to Hough. No hearing in regard to the notice of lis pendens was held before the trial court between the supreme court’s dismissal in November and entry of final judgment the following March.
In the meantime, on October 21, 1982, while the matter was still pending before the First District, T.B.F. had conveyed the property to Steve Stewart, who claims to be a bona fide purchaser without notice.
Faced with Stewart’s claim, Hough then filed a quiet title action against him in St. Johns County on August 14,1985. Stewart successfully defended this action on the basis asserted in his appellate brief:
For the lis pendens to bind Stewart, the trial court in Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA [1982] 1983) would have had to make findings as to the appropriateness of continuing the lis pen-dens past February 2,1984, and enter an order extending the lis pendens. It did not do so.
The lis pendens did not expire until February 2, 1984 because the one-year life of the lis pendens was tolled during the pend-ency of the appeal from May 2, 1982 through November 23, 1983. § 48.23(4), Fla.Stat. (1981). Stewart claims Hough’s failure to obtain an extension of the lis pendens after February 2, 1984, to include the date of entry of the judgment by the Duval Circuit Court (March 1, 1984) precludes him from being bound by that judgment. According to Stewart he, as a “prospective purchaser,” was no longer “on constructive notice of the possibility of (adverse) judgment” in regard to the Duval litigation after expiration of the lis pendens on February 2, 1984.
Stewart’s argument, of course, overlooks the fact that he was not “a prospective purchaser” on February 2, 1984. His purchase occurred on October 21, 1982, at which time he was put on notice by the lis pendens, subsequently validated by appeal. See Crown Corporation v. Robinson, 128 Fla. 249, 174 So. 737 (1937). A notice of lis pendens is not rendered void ab initio simply because it expires prior to final judgment in the suit. See Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).
REVERSED.
COWART and DANIEL, JJ., concur.

. The Second District receded from Kirk in Wiggins v. Dojcsan, 411 So.2d 894 (Fla. 2d DCA 1982), eroding the basis for conflict jurisdiction and prompting the Supreme Court’s dismissal.