CAMPBELL, Judge.
This is an appeal from the nonfinal order which denied appellant’s motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4). We reverse.
Appellant, Kurt W. Steffens, is the former husband of appellee, Janie C. Steffens. On July 19, 1989, appellee filed a petition for dissolution of marriage. Appellant was never personally served with process, and the trial court obtained jurisdiction of the dissolution proceedings through publications of notice and constructive service of process on appellant.
Appellant never appeared in the dissolution proceedings, and a default was entered against him on October 11, 1989. A final judgment of dissolution was entered on December 27, 1989.
The final judgment found, and it is not disputed, that appellant had not been personally served, and the court obtained its jurisdiction through constructive service of process. The court, therefore, had jurisdiction to dissolve the marriage of the parties. The final judgment, however, contained additional provisions that could only have been effected after obtaining personal jurisdiction of appellant. Without such personal jurisdiction, those provisions are void and unenforceable against appellant and were, therefore, the proper subject for appellant’s motion for relief from judgment pursuant to Rule 1.540(b)(4). See Willoughby v. Seese Realty, Inc., 421 So.2d 691 (Fla. 4th DCA 1982).
The provisions which we find void and unenforceable against appellant for lack of personal jurisdiction over appellant are paragraphs three and eight of the final judgment of dissolution.
Paragraph three provides:
3. The sum of $100,731.51, which constitutes the proceeds Husband obtained from a certificate of deposit which was in joint names of the parties at the Barnett Bank of Lee County, N.A. and which Husband cashed when the parties separated, shall be divided equally by the parties subject to the following adjustments. Husband’s actions caused the parties to forfeit $12,700.00 for the deposit and extras for a condominium the parties had contracted to buy. Wife therefore shall receive a credit of $6,350.00, one-half the amount, to be deducted from Husband’s share of the proceeds from the certificate of deposit and added to Wife’s share. The following amounts likewise will be deducted from Husband’s share of the CD proceeds and added to Wife’s share: $8,500.00 as a credit for Wife’s one-half interest in the sailboat; $2,887.90 as a credit for one-half of the taxes due for the business; and $901.75 as a credit for one-half of Wife’s reasonable attorney’s fees and costs. Wife therefore is awarded $69,-005.41 and Husband is awarded $31,-726.10. Wife also is awarded one-half of all the interest earned on the $100,731.51 from the date of withdrawal on May 8, 1989 until the date of this Judgment. Hereafter the sums due Wife shall bear *1158 interest at the rate of 12% a year for which let execution issue. If Husband remains in possession of the proceeds obtained from the certificate of deposit, or any portion thereof, he is ordered to transfer forthwith to Wife the sums due her including interest.
Appellee argues that the court had in rem jurisdiction of the $100,000.00 certificate of deposit because it was described in appellee’s petition for dissolution and in the notices relating to the constructive service of process obtained against appellant. Ap-pellee has relied on the cases of Burton v. Burton, 448 So.2d 1229 (Fla. 2d DCA 1984) and Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976), where we held that in a dissolution action the court may acquire in rem jurisdiction of the parties’ property so as to be able to effectively make an equitable division of the property over which such jurisdiction has been obtained. However, as we held in Lahr, property over which such jurisdiction is sought or obtained must be specifically described in the petition and notice of constructive service. The description of the certificate of deposit in this case does not satisfy that requirement of specificity. Appellee alleged in her petition that, while the parties had jointly owned a specifically described $100,000.00 certificate of deposit, appellant had withdrawn the proceeds of the certificate of deposit several months before the filing of appel-lee’s petition, and the whereabouts of those proceeds, or in what form they now exist, was unknown at all times pertinent to the proceedings below.
Paragraph eight of the final judgment provides as follows:
8. Wife is awarded one-half of her attorney’s fees and costs. Wife’s reasonable attorney’s fees total $1,450.00 with costs in the amount of $353.00. Husband therefore shall pay Wife the sum of $725.00 for attorney’s fees with costs in the sum of $176.75 making a total of $901.75. As set forth in Paragraph 3 above, Wife’s award of attorney’s fees and costs is being deducted from Husband’s share of the certificate of deposit proceeds and added to Wife’s share of the proceeds.
A court in a dissolution proceeding that is without personal jurisdiction of the respondent lacks the proper jurisdiction to make an award of attorney’s fees. Montano v. Montano, 520 So.2d 52 (Fla. 3d DCA 1988).
When the trial court sought to enforce those provisions of the final judgment through contempt proceedings against appellant, it lacked the jurisdiction to do so because it had no personal jurisdiction of appellant when the final judgment was entered. See Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980).
We, therefore, conclude for these reasons that appellant’s motion for relief from judgment should have been granted. We reverse the order denying that relief and remand to the trial court for proceedings consistent herewith.
SCHOONOVER, C.J., and PATTERSON, J., concur.