932 So.2d 1007 (2006)
Merry MORRIS, Petitioner,
v.
Leland MORRIS, Respondent.
No. SC05-1166.
Supreme Court of Florida.
April 13, 2006.
Rehearing Denied June 15, 2006.
As petitioner has failed to demonstrate a clear legal right to have the Fourth District Court of Appeal reinstate her appeal, the petition for writ of mandamus is denied. See Huffman v. State, 813 So.2d 10, 11 (Fla.2000) (holding that in order to be entitled to a writ of mandamus, the petitioner must show that he has a clear legal right to performance of the requested act, that the respondent has an indisputable legal duty to perform that act, and that no other adequate remedy exists).
WELLS, LEWIS, CANTERO and BELL, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which PARIENTE, C.J., and QUINCE, J., concur.
Petitioner's motion for attorney's fees is denied.
Respondent's motion for attorney's fees is granted and it is ordered that respondent shall recover from petitioner the amount of $2,500.00 for the services of respondent's attorneys in this Court.
WELLS, LEWIS, CANTERO and BELL, JJ., concur.
PARIENTE, C.J., and ANSTEAD and QUINCE, JJ., dissent.
ANSTEAD, J., dissenting.
The majority has voted to deny the petition of the former wife to have her appeals in the district court reinstated. Because I believe the majority's denial of relief potentially fosters a serious miscarriage of justice, and violates the petitioner's constitutional right to an appeal,[1] I must dissent.
*1008 At issue is whether an appeal may be dismissed and substantial sanctions imposed not subject to any appellate review when an alleged void judgment is entered and subsequently challenged on appeal. The void judgment at issue here is one for the forfeiture of assets predicated upon the former wife's filing of court proceedings challenging the child visitation provisions of a post-nuptial agreement. In the former wife's appeals in the district court, she challenges first, whether the penalty of forfeiture of all the assets she received pursuant to the agreement may lawfully be imposed based upon her court actions to modify the child visitation provisions of the agreement; and second, whether the sanction of contempt can be imposed upon her for failing to convey her assets to the former husband to satisfy a money judgment based upon the forfeiture.
Florida public policy and law is unequivocal in its declaration that adult parents cannot barter away the best interests of their children or exclude the courts from reviewing terms or conditions of custody, visitation, or support. See, e.g., Dorsett v. Dorsett, 902 So.2d 947, 951 (Fla. 4th DCA 2005) ("It is incumbent upon the trial court to ensure that any purported agreement or arrangement between a child's parents does not shortchange the child's interests."); Knipe v. Knipe, 840 So.2d 335, 340 (Fla. 4th DCA 2003) (stating that a trial court is not precluded from fine tuning a final judgment of dissolution in order to improve the children's lives); Budnick v. Silverman, 805 So.2d 1112, 1113 (Fla. 4th DCA 2002) ("The rights of support and meaningful relationship belong to the child, not the parent; therefore, neither parent can bargain away those rights."); Casbar v. Dicanio, 666 So.2d 1028, 1030 (Fla. 4th DCA 1996) (stating that when parents attempt to contract away the rights of a child, such contracts are "void and unenforceable as contrary to public policy"); Robinson v. State Dep't of Health & Rehab. Servs., 473 So.2d 228, 229 (Fla. 5th DCA 1985) (citing Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946)) ("It is clear that parents may not contract away the rights of their children to support; nor may they waive a child's right to support by acquiescing in the obligated parent's nonpayment of support.").
The petitioner claims that the judgment entered against her is void by reason of its violation of this public policy. She also claims that the contempt proceedings against her arising from the judgment are void for the same or related reasons. See, e.g., Synchron, Inc. v. Kogan, 757 So.2d 564, 566 (Fla. 2d DCA 2000) (reversing a contempt order where the trial court lacked jurisdiction over the alleged offending corporation); Whelan v. Whelan, 736 So.2d 732, 733-34 (Fla. 4th DCA 1999) (stating that contempt is not proper for the failure to discharge debt in the nature of a settlement of property rights); Steffens v. Steffens, 593 So.2d 1156, 1158 (Fla. 2d DCA 1992) (holding that a final judgment entered against a party not subject to the court's jurisdiction cannot form a basis for contempt proceedings); Howell v. Howell, 207 So.2d 507, 512 (Fla. 2d DCA 1968) (concluding that contempt is not available to enforce a property settlement); State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666, 671 (1938) ("[D]isobedience of a void order, judgment, or decree, or one issued by a court without jurisdiction of the subject-matter and parties litigant, is not contempt.").
*1009 However, because her appeals have been dismissed based upon her continuing failure to satisfy the alleged void judgment and contempt sanctions arising out of the judgment, no appellate review of the merits of her claims have been made or will be made. Hence, no determination has been or will be made as to whether the judgment is void as against Florida public policy because it enforces a forfeiture clause barring the wife from seeking any change in the visitation provisions of a post-nuptial agreement. Because it appears that substantial questions exist as to the validity of the no-contest provisions of the post-nuptial agreement and the forfeiture judgment and contempt proceedings based on the former wife's alleged violations of these provisions, I would grant relief and order reinstatement of the appeals.
It may well be that at the end of the day the former wife's claims on appeal will prove to be frivolous and of no merit. Ultimately, however, we can have confidence in the integrity of that determination only if it is made after a careful review of the merits of the contentions raised by both parties, rather than by a summary dismissal and refusal to even consider the important issues discussed above.
PARIENTE, C.J., and QUINCE, J., concur.
NOTES
[1] See art. V, § 4(b)(1), Fla. Const.